Grash v. Sater et al.

## Grash *v.* Sater *et al.*

In trespass, where the defendant answers, denying the trespass as alleged in the plaintiff's petition, and alleging matter in justification, the plea of justification does not confess the tresspass, so as to dispense with proof of it on the part of the plaintiff.

Where in an action of trespass, for taking personal property, the defendants filed a joint answer, denying the allegations of the petition; and where, at a subseqnent term, without any leave to amend their answer, or to file a new answer, being granted, one of the defendants filed a separate answer, admitting the taking, and justifying under a writ of attachment, and the other two defendants filed a joint further answer, justifying under the other defendant, to which answer there was a replication; and where the court instructed the jury, that under the pleadings the trespass was admitted, and plaintiff need not prove it; and that plaintiff had a right to recover, unless the defendants had proved the matter of justification; *Held,* That the last answers were not intended as a waiver of the answer in denial, and that the court erred in giving the instruction.

*Appeal from the Henry District Court.*

TUESDAY, JUNE 22.

Action for a trespass, in pulling down plaintiff's house, carrying away the material, and destroying plaintiff's property therein. The defendants answered first, by a general denial. Afterwards, Thomas P. Sater filed a special answer, justifying as a constable, holding a writ of attachment in an action by the two other defendants, against the plaintiff. The other defendants also filed a special answer, justifying under, and by command of, the said Thomas P. Sater, as constable. Trial, and verdict and judgment for the plaintiff. The defendants excepted to certain instructions given by the court, at the request of the plaintiff, and filed a motion in arrest of judgment. The defendants appeal; and assign as error the giving the instructions referred to, and the overruling the motion in arrest. These appear more fully in the opinion of the court.

*C. Ben Darwin*, for the appellants.

*David Rorer*, for the appellee.

WOODWARD, J.—In the defendant's argument they say that the court wrongly ruled, that there was no sufficient answer in denial. It does not appear from the record, that the court ruled this, nor is it necessarily involved in the instructions given, and the first error assigned. They also claim that the court erred in ruling that by the justification, the defendants waived the denial. This is rather an inference of the party, and a construction placed upon the court's rulings, for the court did not so rule in terms; and what they did hold, is fairly susceptible of quite a different meaning.

It will be necessary to state something of the proceedings in the cause, in order to a proper understanding of

the case. The action was pending from May, 1855, to August, 1857. It was commenced in the county of Des Moines, and the venue was changed to Henry. In November, 1855, the defendants filed their joint, general denial of each, every, and all the allegations of the petition. At this term the cause was continued, and at the April term, 1856, the venue was changed. There is then no record entry from this term, till that of August, 1857, in Henry county. There is no record of a motion, or of leave, to amend the answer, or to file a new answer, but in August, 1857, the transcript shows that there was filed " an answer by defendants, in the words and figures following," &c., which commences thus: "Defendant, Thomas P. Sater, makes a separate answer and defence; and, admitting the taking, justifies, and says, that on the 9th of February, 1855, an attachment was duly and legally issued," &c., proceeding to justify under the writ. The other two defendants, also, come, and for a further answer say, that they aver and fully rely on the facts set out in the plea of Thomas P. Sater, and proceed to plead that they acted under him and by his authority. To these answers there is a replication. Trial, verdict and judgment for the plaintiff.

The only question in the case, arises from the ruling of the court upon these pleadings. Coming to the question whether the plaintiff should make out a case first, or whether the defendants admit the taking, and assume the burden of proving their justification, in the first instance, the court instructed that, under the pleading, the taking is admitted, and plaintiff need not prove it; and that plaintiff had a right to recover, unless the defendants had proved the matter of justification.

It does not appear clearly whether the court considered the former answer as waived by the latter, as is contended in a part of the argument; or whether they held that the justification was, in its legal effect, a waiver, as being inconsistent with the first answer. We have had some doubt whether the last answers, were not intended

as substitutes for the first, considering the lapse of time, and that there is no entry of a motion for leave to file additional answers. But, upon the whole, we do not consider the last answers to be intended as a waiver of, or substitute for, the first; and this view is supported by the answer of two of the defendants, who say they make it as a "further answer." The words " admitting the taking," in the answer of Thomas P., are to be taken only as expressing the legal effect of the plea of justification. This is to be regarded as independent of the plea of denial, and taken alone, is an admission; but yet, when pleaded with the general denial, does not take away the necessity of the plaintiff first making out his case. This inconsistency of pleading was not allowed by the old common law, but was permitted by the statute, 5th Anne, and is believed to be held legitimate in all systems which allow several pleas in defence. 1 Chitty on Pleading. This was the practice in this State before the adoption of the Code, and it is not changed by that statute.

The case is very imperfectly prepared and presented in the record, so that we are unable to learn how it was viewed in the court below, upon some points suggested in the argument.

The judgment is reversed.