Quigley v. Merritt.

*James Grant* for the appellee.

## QUIGLEY v. MERRITT.

1. PLEADING : GENERAL DENIAL AND PLEA IN CONFESSION AND AVOIDANCE. A plea in the nature of a confession and avoidance, in one count of an answer, does not destroy the force of a general denial in the preceding count.

*Appeal from Dubuque District Court.*

SATURDAY, OCTOBER 6.

ACTION for money had and received by defendant to plaintiff's use.    The answer denies the indebtedness *to the amount claimed or any other sum, denies that defendant ever undertook and promised as in the petition claimed, that he has or ever had any money to and for plaintiff's use, and all claim as set up in said petition.*    For further answer the defendant sets up matter in the nature of a plea "in confession and avoidance."    This ground of defence is stated differently in several distinct pleas, but the substance of them all is, that in consideration of certain services rendered and to be rendered by defendant for plaintiff in and about the procurement for him of a surveying contract, plaintiff was to pay defendant six hundred and thirty dollars or one-third of the amount to be received for said work, and that any

money received by defendant was by virtue of this contract. This is all denied in plaintiff's replication, he further averring that if there was any arrangement or agreement as claimed by defendant, he, defendant, was not to have one-third of the whole compensation, but only one-third of the profits of such contract, and that the actual cost of making the survey was more than the compensation received. Defendant by his rejoinder says that "he takes issue with the said plaintiff on all the material averments in said replication, by denying the same."

The cause was submitted to a jury and the plaintiff rested his case on the pleadings. Defendant moved for a non-suit. The court held that the burden of proof was on the plaintiff and gave him the privilege of introducing testimony to sustain his case. This he declined to do and there being no evidence for either party, judgment was rendered for defendant for costs.

*Smith, McKinley & Poor* and *H. A. Wiltse,* for the appellant.

*W. T. Barker* for the appellee.

WRIGHT, J.—This judgment must be affirmed. If it be granted that in some cases that may be supposed a general denial of an adversary's pleadings might not be good on demurrer, or that a motion for a more specific denial might prevail, yet in the case before us we are not prepared to say that the denial was so fatally defective as that the petition was to be taken as true.

The pleas in the nature of pleas "in confession and avoidance" did not destroy the force and effect of the preceding general denial. The burden of proof was still on the plaintiff. *Grash* v. *Sater et al,* 6 Iowa 301.[1]

Judgment affirmed.

---

1. Followed in *Shannon* v. *Pearson,* 10 Iowa 588.