WRIGHT and Another *v.* GOSSETT and Others.

The act of *March* 1, 1853 (Acts 1853, p. 113), which provides, that in actions for compensation for animals killed or injured by cars, locomotives, or other carriages of any railroad company in this State, the justice of the peace before whom such action is prosecuted, "shall cause at least ten days' notice to be served on the railroad company defendant, by service of summons by copy on any conductor of any train passing through said county," is confined to actions against the corporation: such service of process will not, when there is no appearance, authorize a judgment against individuals, although they may represent themselves to be lessees, and to have charge of the rolling stock of the road.

APPEAL from the *Henry* Circuit Court.

HANNA, J.—The only point presented in this case is, whether a judgment, and execution taken out on it, are nullities, where the judgment was against the lessees of a railroad company, operating the road, and the service of the summons was by copy delivered to the conductor of a train of cars running upon said road; the action appearing to be for an animal killed by the train; and there being no appearance thereto.

The solution of this inquiry depends upon the construction which should be placed upon the act of 1853 (Acts 1853, p. 113), which is embodied at length in the case of *The Madison and Indianapolis Railroad Co.* v. *Whiteneck*, 8 Ind. 217, by the first section of which it is provided, that the justice shall "cause at least ten days' notice to be served on the railroad company defendant, by service of summons by copy on any conductor," &c.

Would a case be embraced in this act where individuals, or an association of individuals, or joint-lessees, were operating a road; or is it confined to an action against the incorporated company?

We think the statute is confined to a proceeding against the corporation. Whether the road can legally be placed in the hands of a lessee, or not, we need not decide in this case. What we do decide is, that a service of process upon a conductor of a train, upon a railroad, will not authorize a judgment, when there is no appearance, against individuals,

Nov. Term,
1860.

although they may represent themselves to be lessees, and to have charge and control of the rolling stock upon the road. Whether it would be a sufficient service upon the corporation in a suit against it, notwithstanding the road might be operated by others, is a question not before us.

As the Court below overruled a demurrer to the answer, setting up a judgment following such service, the judgment will have to be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*M. L. Bundy*, for appellants.

*James Brown*, *J. H. Mellett* and *E. B. Martindale*, for appellees.