party says that was his intention. Perhaps the Court should be notified of this intention.

As to the second set of objections to the award, it may be remarked, as of the first, that they are vague. They charge no corruption or misconduct on the part of the arbitrators; nothing beyond error of judgment, at most; they do not show, in fact, that the matters which it is alleged the arbitrators failed to consider, were within the submission (see note to Chit. on Cont., 7th Am. ed., p. 791); for only the matters embraced by the issues formed in the suit, would be considered as embraced in the reference of the pending suit. And perhaps, where a suit pending and at issue is referred by rule of Court to arbitrators, the award, if defective, should, like a verdict in such case, be sent back to the arbitrators, on motion of the dissatisfied party, for correction and perfection. See *Blair* v. *Jones*, 5 Eng. L. & Eq. Rep. 511.

As to what was embraced in the reference, the arbitrators would necessarily judge, in the first instance. If they disagreed, they could, in this case, have certified the fact to the judge.

*Per Curiam.*—The judgment is affirmed, with costs.

*John P. Usher* and *D. W. Voorhees*, for the appellants.

*S. C. Wilson, J. E. McDonald* and *A. L. Roache*, for the appellee.

Nov. Term, 1861.

THE TOLEDO, WABASH AND WESTERN RAILROAD Co. v. BROWN.

---•◦•◦•---

THE TOLEDO, WABASH AND WESTERN RAILROAD COMPANY *v.* BROWN, ADMINISTRATOR OF McINTOSH.

APPEAL from the *Allen* Common Pleas.

*Per Curiam.*—The judgment in this case is reversed, upon the two following cases, viz., *The Terre Haute, &c. Co.* v. *Smith*, 16 Ind. 102; *The Indianapolis and Cincinnati Railroad Co.* v. *Kercheval*, *id.* 84.

The judgment is reversed, with costs. Cause remanded, &c.

*W. Z. Stuart*, for the appellant.

Tuesday, December 10.