*S. C. Willson*, *L. B. Willson*, and *J. M. Butler*, for appellee.

---

## The Jeffersonville, Madison, and Indianapolis Railroad Company *v.* Sullivan.

RAILROAD.—*Fences.*—If a railroad company fail to maintain, in a proper condition, a fence which it is required to maintain, it is liable to the adjoining proprietor for injury to stock going upon the track where it is not securely fenced, although the fence has been kept up by said adjoining proprietor without any contract with the company.

SAME.—*Repair.*—*Reasonable Time.*—The excuse that a reasonable time has not elapsed to repair the fence must be pleaded or proved.

APPEAL from the Shelby Common Pleas.

BUSKIRK, J.—The appellee sued the appellant to recover the value of a horse alleged to have been killed by a train of cars on the road of appellant. The complaint was in two paragraphs. The first was based upon the statute; the second alleged that the horse was killed by the negligence and carelessness of the employees of appellant. The appellant answered by the general denial.

The cause was tried by a jury and resulted in a verdict for the plaintiff.

The appellant moved the court for a new trial, and assigned therefor the following reasons: first, the verdict is contrary to law; second, the verdict is not sustained by suf-

The Jeffersonville, Madison, and Indianapolis Railroad Company *v.* Sullivan.

ficient evidence; third, misdirection to the jury as to the law by the court, and excepted to at the time by the defendant.

The motion was overruled, and an exception taken. The appellant has assigned the following errors: first, the refusal of the court to grant a new trial; second, for sustaining objection to the question on page twenty-two of the record; third, for sustaining objection to answer of question on pages twenty-two and twenty-three.

The above assignments of error present for our decision only the question of whether the court erred in overruling the motion for a new trial. The second and third assignments present no questions for our decision. The exclusion of competent evidence was not urged as a reason for a new trial, and the attention of the court below not having been called to the matter, we cannot consider the question.

The appellant assigned as a reason for a new trial the misdirection of the jury as to the law by the court, but the counsel for appellant have not referred to the question of instructions in their brief. The counsel for appellant have not pointed out any objection to the instructions, and we have been unable to discover any. They seem to be correct.

This leaves for our decision the question of whether the verdict was sustained by sufficient evidence. There was no attempt to prove that the injury to the horse of the plaintiff was caused by the negligence and carelessness of the employees of the appellant.

The right to recover is based upon the first paragraph of the complaint. It was alleged in the complaint that at the point where the horse was injured, the railroad was not securely fenced. It was shown, by the evidence, that where the horse was injured, the owners of the adjoining farms maintained fences. The horse was in a clover field, adjoining the railroad. The principal point of controversy in the court below was as to where the horse got over the fence, and what was the condition of the fence at such point. No witness saw the horse cross the fence, but several witnesses

testified that, from tracks and other indications discovered at a certain point, they were of the opinion that the horse had there crossed the fence. One witness testified that at such point the fence was only three or four rails high, and several others testified that it was only four or five rails high. The balance of the fence was eight or nine rails high. Several of the employees of the railroad testified that they had not discovered a low place in the fence, although they passed on the road every day. It is maintained by the appellant that reasonable time should have been allowed to repair the fence, but the excuse should have been shown by answer or proof. There was no contract shown to exist between the owners of the adjoining farms and the railroad company that they would keep up the fence. If the fences maintained by the owners of the land were sufficient, the company was protected from liability, but if they were insufficient, the company was liable, and it was the duty of the company to see that the road was securely fenced. The failure of the owners of the land, in the absence of a contract, to keep the fences in proper condition, would be no excuse to the company. It is also maintained by the appellant that the evidence failed to show that the horse was injured by the train on appellant's road. The plaintiff's evidence left it in great doubt as to how the horse was injured, but the evidence of the defendant removed all doubts and made the matter certain. The engineer and fireman swore positively that the engine of the freight train struck the horse and knocked him off the track.

It is also insisted by the appellant that the plaintiff was not entitled to recover, because the plaintiff was guilty of carelessness in permitting his horse to run at large. There are two answers to this objection; first, it was shown that the horse was put in a clover field adjoining the railroad; in the second place, it is shown by the record that it was admitted in the court below by the appellant that it was lawful for the horse to run at large. Such admission is binding upon the appellant in this court.

Where the horse of the appellee was injured, the appellant's road could have been legally and securely fenced, being outside of the corporate limits of any city or town, and at a point where no highway crossed the same. If the jury believed from the evidence that the plaintiff's horse got upon the track of the appellant's road in consequence of the fence being insecure, they were justified in finding for the plaintiff. The jury were far more competent to determine that question than we are. The evidence on that point seemed to be sufficient. We cannot disturb the verdict.

The judgment is affirmed, with costs.

*E. H. Davis* and *C. Wright,* for appellant.

*J. B. McFadden, B. F. Davis,* and *B. F. Love,* for appellee.