## THE LOUISVILLE, NEW ALBANY, AND CHICAGO RAILROAD CO. *v.* CAUBLE.

RAILROAD.—*Animal Killed.*—*Receiver.*—*Service of Process.*—A railroad company is liable to an action, under the statute, for killing stock while the road is being run, operated, and controlled by a receiver appointed by the circuit court of the United States; and service of process in such case upon a conductor of a train passing through the county where the animal was killed is sufficient, though the conductor be employed and controlled by such receiver.

From the Washington Circuit Court.

*W. J. Hammond, J. M. Judah,* and *G. H. Chapman*, for appellant.

BUSKIRK, J.—This was an action by the appellee against the appellant, to recover the value of a cow alleged to have been killed by the locomotive and cars of the appellant.

The only question presented for our decision is, whether

the court below possessed jurisdiction of the subject-matter of the action and of the appellant.

It appears of record, that George H. Chapman, receiver of the Louisville, New Albany, and Chicago Railroad Company, appointed by the Circuit Court of the United States for the district of Indiana, entered a special appearance in the justice's court, from which this cause was appealed to the court below, and filed a sworn answer, going to the jurisdiction of the justice's court, and alleging that said railroad company is, and was, at and before the time of the killing of the stock complained of, within the exclusive jurisdiction, custody, and control of the said United States Circuit Court, and that by an order of said court, at the November term thereof, A. D. 1870, before the killing of the stock complained of, all of the rights, property, etc., of said railroad company were placed in his hands as receiver of said court, duly appointed, etc., and setting forth a duly certified copy of the decretal order of said court; that he also filed along with said answer an affidavit showing that the only process had in said cause was served upon a conductor who was, at the time of such service, in the employ of himself, as the receiver of the said railroad, and not in the employ of the said railroad company.

It further appears that while this cause was pending in the court below, the said George H. Chapman, as such receiver as aforesaid, entered a special appearance and moved to dismiss the action upon the grounds and for the reasons assigned in the justice's court, namely: The Circuit Court of the United States having the exclusive jurisdiction, custody, and control of the line of road, locomotives, cars, rights, credits, property, and franchises of the said railroad company, and the same being in the hands of the receiver of the said court, and the service of process in said cause being made upon a conductor who was the agent and employee of the said receiver, and not of the defendant sought to be charged with liability in said suit.

The motion was overruled, and this ruling is assigned for

error, and presents for decision two questions. The first is, whether the appellant is liable to an action, under the statute, for killing stock while it was being run, operated, and controlled by a receiver appointed by the Circuit Court of the United States for the district of Indiana. The second is, whether the service of process upon a conductor of a train passing into or through the county where the animal was killed, which conductor was employed by and under the control of such receiver, was proper and sufficient.

By the first section of the act of March 4th, 1863, 3 Ind. Stat. 413, it is provided, "that lessees, assignees, receivers, and other persons, running or controlling any railroad, in the corporate name of such company, shall be liable, jointly or severally with such company, for stock killed or injured by the locomotive, cars, or other carriages of such company, to the extent and according to the provisions of this act."

By the above quoted section, lessees, assignees, receivers, or other persons running or controlling any railroad company in the corporate name of such company are made liable either jointly with the railroad company or severally, that is, without the company being joined with them, for stock killed or injured by the locomotives, cars, or other carriages of such company, to the extent and according to the provisions of such act.

By the second section of such act, it is provided in express terms that such action may be brought against the railroad, whether the same was being run by the company, or by a lessee, assignee, receiver, or other person in the name of the company.

The question discussed by counsel for appellant therefore resolves itself into the question of whether the legislature of this State possessed the constitutional power to pass the above recited act. The corporate existence, powers, and franchises of the appellant were conferred by the legislature of this State. We have carefully examined the decree of the United States Circuit Court for the District of Indiana, appointing Mr. Chapman receiver, and find nothing therein

which attempts to take away the corporate existence, powers, or franchises of the appellant, and it is therefore unnecessary for us to express any opinion as to the power of the federal judiciary to decree a forfeiture of the corporate existence and franchises of a corporation created by a sovereign State.   The whole decree proceeds upon the theory that the appellant is a corporation created and existing under the laws of this State.   The whole effect of the decree is, to take the custody, control, and management of such corporation out of the hands of the persons who were controlling and managing the same and to place the same into the custody and under the control and management of the receiver for a specified time and for a special purpose.  The corporate existence of the appellant was left intact.   The corporate powers and franchises which had been exercised by the officers of the company were conferred for the time being upon the receiver.   The power and authority of the receiver to manage and control the company and its operations depended upon its corporate existence.   If that had been taken away, the power and authority of the receiver would have ceased and terminated, for no court, federal or state, can confer corporate powers and franchises upon an individual.   Such powers can be created and conferred by the legislative department alone.

It has been so repeatedly held by this court that the legislature possessed full and ample power to pass the original and amendatory acts, that the question cannot be regarded as open to discussion.  *The Madison and Indianapolis Railroad Co.* v. *Whiteneck,* 8 Ind. 217; *Madison and Indianapolis Railroad Co.* v. *Herod,* 10 Ind. 2; *The Indianapolis and Cincinnati Railroad Co.* v. *Townsend,* 10 Ind. 38; *The New Albany, etc., Railroad Co.* v. *Tilton,* 12 Ind. 3; *The New Albany, etc., Railroad Co.* v. *Maiden,* 12 Ind. 10; *The New Albany, etc., Railroad Co.* v. *Pace,* 13 Ind. 411; *Wright* v. *Gossett,* 15 Ind. 119; *The Terre Haute, etc., Railroad Co.* v. *Smith,* 16 Ind. 102; *The Toledo, etc., Railroad Co.* v. *Brown,* 17 Ind. 353; *The Ohio and Mississippi Railroad Co.* v. *Fitch,*

20 Ind. 499; *McKinney* v. *The Ohio and Mississippi Railroad Co.*, 22 Ind. 99; *The Indianapolis and Cincinnati Railroad Co.* v. *McKinney*, 24 Ind. 283; *The Indianapolis, etc., Railroad Co.* v. *Petty*, 25 Ind. 413; *The Indianapolis, etc., Railroad Co.* v. *Irish*, 26 Ind. 268; *The Indianapolis, etc., Railroad Co.* v. *Parker*, 29 Ind. 471; *The Jeffersonville, etc., Railroad Co.* v. *Chenoweth*, 30 Ind. 366; *The Jeffersonville, etc., Railroad Co.* v. *Parkhurst*, 34 Ind. 501; *The Indianapolis, etc., Railroad Co.* v. *Warner*, 35 Ind. 515; *The Indianapolis, etc., Railroad Co.* v. *Johnson*, 36 Ind. 267; *The Jeffersonville, etc., Railroad Co.* v. *Ross*, 37 Ind. 545; *The Jeffersonville, etc., Railroad Co.* v. *Sullivan*, 38 Ind. 262; *The Cincinnati, etc., Railroad Co.* v. *Townsend*, 39 Ind. 38; *The Jeffersonville, etc., Railroad Co.* v. *Underhill*, 40 Ind. 229; *The Ohio and Mississippi Railway Co.* v. *Cole*, 41 Ind. 331; *The Cleveland, etc., Railroad Co.* v. *Swift*, 42 Ind. 119; *The Indianapolis and St. Louis Railroad Co.* v. *Christy*, 43 Ind. 143.

The foregoing constitute a few of the many cases in this court in which the validity of the acts under examination has either been expressly declared or recognized and acted upon as valid and constitutional.

But the question remains to be considered whether the summons was properly served. It was served upon a conductor on a train which passed into and through the county where the cow was killed. The second section of the act of March 4th, 1863, provides, that "the owner thereof may go before some justice of the peace of the county in which such killing or injuring occurred, and file his complaint in writing, and such justice shall fix a day to hear said complaint, and shall cause at least ten days' notice to be served on the railroad company, by the service of a summons by copy on any conductor of any train passing into or through said county."

The service of process in this case was in strict conformity to the statute. The action is against the railroad company, and not the receiver. If the action were against a lessee, assignee, receiver, or other person named in the first

section of the act, a very different and grave question would be presented for our decision.

The court below, in our opinion, committed no error in overruling the motion to dismiss the action.

The judgment is affirmed, with costs.