TREADWAY v. THE S. C. & ST. P. R. Co.

1. **Evidence**: RES GESTÆ: RAILROAD. The declarations of an engineer, made some months after an accident by which the property of plaintiff was destroyed, are not competent evidence in an action to charge a railroad company with liability therefor.

2. ———: ADMISSION OF ATTORNEY. The admissions of an attorney, to bind his client, must be destinct and formal, and made for the express purpose of dispensing with formal proof of a fact at the trial.

3. **Pleading**: EVIDENCE. An admission in the nature of a confession and avoidance in one count of an answer, does not operate to admit matter formally denied in other counts.

*Appeal from Woodbury District Court.*

FRIDAY, JUNE 11.

ACTION to recover double the value of a cow owned by plaintiff, alleged to have been killed by a train of cars operated by defendant at a point where the railroad upon which the train was running was not fenced, though the right existed to fence it at the place. The cause was submitted to the court without a jury, and a judgment was rendered for defendant. Plaintiff appeals.

*J. H. Swan* and *Joy & Wright*, for appellant.

*Treadway & Clelland* and *S. M. Marsh*, for appellee.

BECK, J.—The cow of plaintiff was killed upon a railroad owned by the Cedar Falls & Sioux City Railroad Company. The Illinois Central Railroad Company leased the road, and the defendant runs its trains thereon under a lease, or contract, with that company. The first count of defendant's answer denies all the allegations of the petition involving its liability; another count, confessing that the animal was killed by a train of cars run by defendant, alleges, in avoidance, that the road was fenced by the Ill. Cen. R. Co., which alone had the right to fence, and that the fence so constructed was kept in good repair, and that neither defendant nor the Ill. Cen. R. Co.

was guilty of any negligence, which produced the death of the cow.

Upon the trial, in order to establish that the cow was killed by defendant's train, a witness was permitted to testify to cer-

**1. EVIDENCE:** tain declarations and admissions made by the res gestæ: railroad. engineer of the train of defendant, which, as was claimed, caused the injury. The declarations were made a considerable time after the accident, but while the engineer was still in the employment of defendant. The same witness testified to a conversation had with defendant's attorney, in which he said, in effect, that defendant made no question as to its train killing the cow. All of this evidence was admitted, against defendant's objection. This ruling is now assigned for error.

I. The evidence was clearly incompetent. The declarations of the engineer were not of the *res gestæ*, and it does not appear that the nature of the employment of the engineer created such a relation between him and defendant as rendered the declarations binding upon defendant. Story's Agency, § 135, *et seq.;* 1 Greenleaf's Ev., § 113, *et seq.; Luby et ux. v. The Hudson River R. Co.,* 17 N. Y., 131.

II. The declaration of the attorney was manifestly incompetent. Admissions of an attorney, in order to bind his client,

**2. ———: ad-** must be distinct and formal, and made for the mission of attorney. express purpose of dispensing with formal proof of a fact at the trial. Those which occur in mere conversations, though they relate to the matters in issue in the case, cannot be received in evidence against the client. 1 Greenleaf's Ev., § 186.

III. It is urged that the fact which the evidence tended to establish was admitted in the second count of defendant's

**3. PLEADING:** answer, and was sufficiently proved by other evi- evidence. dence. The admission of the evidence is, there- fore, though erroneous, without prejudice to defendant. But the admission in the pleading was in the nature of a confession and avoidance, which does not operate to admit matters formerly denied in other counts of the answer. *Grash v. Sater,*

6 Iowa, 301; *Shannon v. Pearson*, 10 Iowa, 588; *Quigley v. Merritt*, 11 Iowa, 147.

We are unable to say that, independent of the incompetent evidence, the fact that defendant's train killed the cow was established by the proof, or should have been found by the District Court. The incompetent evidence was not so unimportant, in our judgment, that it had no influence upon the decision of the case. We cannot, therefore, say that the error of its admission wrought defendant no prejudice.

Other questions presented in argument need not be considered, as, for the error above pointed out, the judgment of the District Court must be

REVERSED.