WENCELAUS HOVORKA *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

November 17, 1883.

Railway — Statutory Liability to Fence — Fence, built by Adjoining Land-owner.—Where the owner of the adjoining land, in the absence of agreement, builds and maintains the fence between his land and the right of way of a railroad company, which the statute requires the company to build and maintain, it is the same as though the company built and maintained it, in respect to its liability for injury to domestic animals who escape from the land to the right of way.

Plaintiff brought this action in the district court for Scott county, to recover the value of two colts which were killed by a passing train on defendant's railway. The complaint alleged that the defendant had neglected and failed to build and maintain a fence along its right of way through the quarter-section where the colts had been pastured, and were killed. On the trial, before *Macdonald*, J., and a jury, it appeared that, at the place where the colts had been pastured and were killed, there was a good and sufficient fence which had been built and maintained by the adjoining land-owner, and the evidence tended to show that the colts had escaped from the pasture to the track through an opening in the fence where the bars had been let down. The court refused defendant's request to charge, that "if Mr. Shinick, (the adjoining land-owner,) who was pasturing these colts, built and maintained this fence, and it was a good board fence, and had these bars for his own convenience, and they were left down, and the colts went upon the track and were thereby killed, then, under the pleadings, the plaintiff cannot recover." Plaintiff had a verdict, and defendant appeals from an order refusing a new trial.

*Peck & Little*, for appellant.

*E. Southworth*, for respondent.

GILFILLAN, C. J. The evidence shows, without dispute, that the fence between the field where plaintiff's colts were pasturing and the defendant's right of way was sufficient and in good condition, including the bars. Where or how the colts got upon the right of way does

not appear. It does not appear to have been through any defect in the fence. The fence was built and maintained by Shinick, the owner of the field. Upon the facts, the only proposition on which plaintiff can recover is that, although the colts did not get upon the track through any defect in the fence, the defendant is liable because it did not build and maintain it; for, had it been the fence of the defendant, there could be no claim to recover. The proposition which seems to be relied on by respondent, and to have been acted on by the trial court, is inadmissible. Where the owner of the adjoining land builds the fence, the railroad company may, with his assent or acquiescence, adopt it. In the absence of any agreement it will still be its duty to maintain it in good condition, and to restore it if removed by the owner. But so long as it remains and is kept in good condition, no matter by whom, so that domestic animals do not get upon the track by reason of any defect in it, the company is not liable as for failure to perform the duty to fence imposed on it by the statute. The statutory duty is discharged, though performed for the company by a mere volunteer.

Order reversed, and new trial ordered.