WENCESLAUS HOVORKA *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY
COMPANY.

November 23, 1885.

**Railroad Fences.**—*Hovorka* v. *Minn. & St. L. Ry. Co.*, 31 Minn. 221, fol-
lowed. Evidence considered, and *held* sufficient to sustain the verdict.

Appeal by defendant from an order of the district court for Scott
county, *Macdonald*, J., presiding, refusing a new trial.

*H. J. Peck*, for appellant.

*E. Southworth*, for respondent.

BERRY, J. In the former appeal in this action, (31 Minn. 221,) it
was held that where the owner of land builds the fence along an ad-
joining "right of way," the railroad company may, with his assent
or acquiescence, adopt it, and that in the absence of any agreement
it will still be its (the company's) duty to maintain it in good con-
dition.

That plaintiff's colts were killed by one of defendant's trains upon
its track is admitted, and there is evidence fairly tending to show that
the colts went upon defendant's "right of way" from the pasture
where they were kept, through a pair of bars forming part of such a
fence as is above mentioned, and which, upon the authority of the
case cited, and other cases in this court, it was defendant's duty to
use reasonable diligence to maintain and keep in repair. *Varco* v.
*Chicago, M. & St. P. Ry. Co.*, 30 Minn. 18; *Evans* v. *St. Paul & S.
C. R. Co.*, Id. 489. So that the main question upon this appeal, and
the only one requiring special attention, is whether there is evidence
reasonably tending to show negligence on defendant's part as to main-
taining the bars and keeping them in repair.

The evidence shows that the fence, of which the bars were part,
had, at the time the colts were killed, been built about six years;
that the bars were poplar poles, "chopped on the side," of about
two inches diameter at one end, and four at the other; that they
were about four feet high; and that on the morning after the killing
the two top poles or bars were found broken, and to be half rotten.

Now, considering the well-known tendency of poplar poles of this kind to speedy decay; that these had been in use about six years, without, as is fairly to be inferred, receiving any attention from the company; that they were, in fact, half rotten, and were found broken; and that there is nothing in the case tending to show that they were broken by any other means than by the colts,—it cannot be said that there was not evidence having a reasonable tendency to show negligence on the part of the company as respects its duty to maintain the fence. That the bars were insufficient, and for some considerable time had been, is clear; and as respects the matter of notice to the company, as well remarked in *Varco* v. *Chicago, M. & St. P. Ry. Co.*, *supra*, the lapse of time was sufficient to raise an inference of negligence, especially when the perishable nature of poplar poles is considered, and the length of time during which these had been in use. Upon the whole, then, though the evidence leaves much to inference in some particulars, we think the verdict should stand.

Order affirmed.