## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

90   507
a91   663

Norfolk & Western R. R. Co. v. McGavock's Adm'rs.

FEBRUARY 1st, 1894.

1. RAILROADS—*Injury to stock—Failure to fence.*—Where railroad company failed to fence its right of way along enclosed lands as required by Code, section 1258, in an action for stock killed on its track at a place not fenced as required : *held,* the company not allowed to prove that there was a lawful fence at said place erected by the land-owners, and that therefore it was not liable for the injury done there to the stock.   Code, § 1261.

2. BURDEN OF PROOF.—LACY, J., *dissenting,* contended that "the effect of Code, § 1261, is to shift the burden of proving negligence from the plaintiff and place on the company the burden of proving the negative of this proposition."

Argued at Wytheville.   Decided at Richmond.

Error to judgment of circuit court of Wythe county, rendered at its February term, 1897, in an action wherein J. R. McGavock and J. C. McGavock, administrators of Randall McGavock, deceased, were plaintiffs, and the plaintiff in error, the Norfolk and Western Railroad Company, was defendant. Opinion states the case.

*Bolling & Stanley,* for plaintiff in error.

*Blair & Blair,* for defendants in error.

FAUNTLEROY, J., delivered the opinion of the court.

This suit is an action of trespass on the case for killing and injuring the horses and mule of the plaintiff's intestate, by the defendant company's cars operated upon the road, and by the agents and servants of the said company, at a point where the defendant's railway passes through the enclosed lands of the plaintiff's intestate, and where the defendant was required to fence or enclose its roadbed by section 1258 of the Code, and which it had not done.

The facts, of the killing and injuring of the horses and mule, as charged in the declaration, upon the enclosed land of the plaintiffs intestate; and the failure of the defendant to fence its roadway through the said lands; and the assessed value of the said horses and mule, so killed by the defendant's cars, agents, and servants, were all proved by the evidence, and the jury returned a verdict for the plaintiffs for $664 67.    Whereupon the defendant moved the court to set the verdict aside as being contrary to the law and the evidence, and to grant it a new trial, and moved in arrest of judgment: which motions, the court overruled, and entered judgment upon the verdict for $664 67, with interest from the date of the verdict and the costs.

The statute, section 1258, Code of 1887, requires the defendant company to erect along its line of railroad through the enclosed land of the plaintiffs' intestate, a lawful fence on both sides of its roadway, as defined in section 2038, which may be made of timber or wire, or of both, and keep the same in proper repair, and with which the owners of adjoining lands may connect their fences as they may deem proper, &c.; and section 1261 provides, that in any action or suit against a railroad company for an injury to any property, on any part of its track not enclosed according to the provisions of this chapter, it shall not be necessary for the claimant to show that the injury was caused by the negligence of the company, its employees, agents, or servants.

The first assignment of error is the refusal of the court to

permit the defendant company to introduce witnesses to show that the defendant railroad company was not bound to fence its roadway at the point where the said horses and mule of the plaintiffs' intestate were killed by it, because the said intestate himself had erected a fence, which was a lawful fence, at that point between his land and the roadway of the defendant company passing through his enclosed land; and that, therefore, the defendant company was not liable for injury done by it to the plaintiffs intestate's stock at that point.

The court did not err in excluding this testimony. The failure of the company to erect a lawful fence along the line of its roadway, between the enclosed land of the plaintiffs' intestate and its roadway, as expressly required by law, makes it amenable to the penal sanction of the law for its neglect or violation of the requirement of the law, and the fact that the owner of the land has, himself, endeavored to protect his stock ranging upon his enclosed land, by building a fence, does not condone or excuse the disobedience to and neglect of the mandate of the law by the railroad defendant company, and the owner of stock getting injured by the railroad cars or servants at a point on its line through his enclosed land, is entitled to recover for the injury or killing of his stock, if the defendant company has failed or refused to comply with the law requiring it to erect and keep in order, at that point, a lawful fence. (See sections 1258, 1259, 1266, 2038, and 1261, chapter 52, Code of 1887; 7 Amer. & English Ency. of Law, p. 907 and p. 927, and cases cited in note 2, and p. 934 and note 2.)

The court did not err in refusing to instruct the jury " that although they shall believe from the evidence that the horses and stock of the plaintiffs' intestate were killed and injured on the railroad of the defendant company by the cars of the defendant company in charge of the servants, agents, and employees of the defendant company as charged in the declaration, nevertheless, if they shall believe from the evidence that there was a lawful fence along the roadbed of the defendant

company between its land and that of the said decedent at the place where the said injury occurred, erected there by the said decedent, or by his administrator, then the court instructs the jury that, under the statute, such a fence is sufficient; and, in the absence of gross negligence, they will find for the defendant." And the court did not err in instructing the jury " that if they shall believe from the evidence that the horses and stock of the plaintiff's intestate were killed and injured on the railroad of the defendant company by the cars of the defendant company in charge of the servants, agents, and employees of the defendant company as charged in the declaration; and shall further believe from the evidence that the said horses and stock were so killed and injured by the defendant company at a point on the said railroad, at which the said railroad passes through the land of the said decedent, Randall McGavock; and shall further believe from the evidence that the defendant company failed to fence its right of way or roadbed through the enclosed land of the said decedent at the place of said injury, then the court instructs the jury that they shall find for the plaintiffs and assess their damages at such sum as to the jury shall seem right, based on the evidence as to the value of said stock at the time the same was killed and injured."

The court did not err in overruling the motions to set the verdict aside and in arrest of judgment; and the judgment of the circuit court of Wythe county is without error, and is affirmed.

Lacy, J., dissenting, said:

It was proved in the case that the land adjacent to the railroad, where the horses were kept, was enclosed by a lawful fence put up by McGavock, deceased, and that the fence was pulled down in the night, and the horses escaped on the track on a dark night, and were killed or seriously damaged, and that the horses were worth as much as the amount of the ver-

dict.  This evidence was all that was offered by the plaintiff. The defendant offered to prove by its witnesses that there was a lawful fence along the right of way of the company at the place where the horses escaped on the track, though not put there by the company; that the bars in this fence were up late on the evening of the day when the horses were killed at night; and that the bars were pulled down by some unknown person in the night.  But the court refused to admit this evidence, holding that by the act of assembly the negligence was established by reason of the fact that the fence was not built by the company, and so instructed the jury; that the failure to fence the right of way of the company established negligence; and that this could not be contradicted or disproved by the company by any evidence whatever, and refused an instruction *per contra* offered by the defendant company.  Section 1261 of the Code provides as follows:  "In any action or suit against a railroad company for an injury to any property on any part of its track not enclosed according to the provisions of this chapter, it shall not be necessary for the claimant to show that the injury was caused by the negligence of the company, its employees, agents, or servants."  The effect of this statute is to shift the burden of proving negligence from the plaintiff, and place upon the company the burden of proving the negative of this proposition; but it is not intended to deny all defence to the defendant, and confine the case to a simple inquiry of damages, as is held in this case.  The law does not require all parts of the railroad right of way to be fenced by the company—only certain parts, described in chapter 52 of the said Code (section 1259).  In this particular case there was a lawful fence erected at this spot, but the company was not allowed to prove it.  The statute requires the company to cause a fence to be erected along its right of way, and one was already there in this case.  I think (without expressing an opinion on any other question) that the circuit court erred in its construction of this statute, in denying all right of defense

to the company; and for this cause the judgment should be reversed, and the case be remanded for a new trial to be had therein.

Judgment affirmed.