# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## Norfolk & Western Railroad Company v. Johnson.

### July 11, 1895.

1. Railroads—*Fencing Roadbeds—Killing Stock—Negligence.*—A railroad company which has not complied with the provisions of section 1258 of the Code relating to fencing its roadbed, is liable to the owner of the land for the value of his stock killed by its engines and cars within the boundaries required to be fenced, though such stock was not killed by the negligence of the company in the management and running of its engines and trains. *McGavock's Adm'r* v. *Norfolk & Western R. R.* 90 Va. 507, approved.

Error to a judgment of the Circuit Court of Washington county, rendered October 9, 1894, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Fulkerson, Page & Hurt,* for the plaintiff in error.

*Daniel Trigg* and *Jno. W. Price,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

This action was brought to recover damages for the careless and negligent killing of a valuable colt, the property of the plaintiff, by the defendant company.

The evidence certified shows that the colt mentioned in the declaration was the property of the plaintiff, and that it was killed by being struck by the locomotive of a train upon the road of the defendant company; that at the place where the animal was struck and killed the road of the defendant passes through the enclosed lands of the plaintiff; that the road-bed of the defendant company was not fenced at this point; that there was at said point no cut or embankment with sides sufficiently steep to prevent the passage of stock, and that the place is not in an incorporated town or city, or in an unincorporated town. The proof also shows that the animal in question was a very fine thoroughbred mare, fully worth $500, the sum for which the jury rendered a verdict. The evidence further shows that the animal was not killed by the negligence of the defendant company in the management and running of its train.

The only question presented for consideration in this case, is raised by the following instruction offered by the plaintiff in error and refused by the court:

"The court instructs the jury that if they believe from the evidence that the colt in question was killed by an unavoidable accident, and that the defendant could not by the exercise of ordinary care in running the train in question, have avoided the accident, then the jury should find for the defendant."

This instruction ignores entirely the negligence of the company in having disregarded the express mandate of the law, that it should cause to be erected along its line and on both sides of its road-bed, through all enclosed lands or lots, lawful fences, and assumes that, notwithstanding its default in this regard, the plaintiff is not entitled to recover if the company has been guilty of no negligence in the mere running of its train. The instruction was properly refused. Section 1261 of the Code, which provides that, "In any action or

Opinion.

suit against a railroad company for an injury to any property, on any part of its track not enclosed according to the provisions of this chapter, it shall not be necessary for the claimant to show that the injury was caused by the negligence of the company, its employees, agents, or servants," must be interpreted in the light of other sections in chapter 52 of the Code of 1887, from which it is taken. As we have already seen, section 1258 is an express requirement of the law that the railroad company shall fence its road-bed on both sides with a lawful fence. There are certain exceptions to this positive mandate set forth in the chapter referred to; they do not, however, affect this case.

The recent case of *McGavock's Adm'r* v. *N. & W. R. R. Co.*, 90 Va. 507, was a much stronger case in favor of the railroad company than the one at bar. This court has, in that case, interpreted the law here called in question, and has construed it adversely to the plaintiff in error, holding that the failure of the company to erect a lawful fence as required by the statute, makes it amenable to the law and liable to respond in damages for the injury to or killing of stock.

The case at bar is controlled by *McGavock's Adm'r* v. *N. & W. R. R. Co.*, just referred to, and the judgment of the Circuit Court must therefore be affirmed.

AFFIRMED.