A. J. Norman, Appellant, v. Chicago & Northwestern Railway Company.

**Railroads:** FAILURE TO FENCE.   Under Code 1873, section 1289 (Code, section 2055), providing that any corporation operating a railway and failing to fence the same against live stock running at large, where the right to fence exists, shall be liable to the owner of any stock killed or injured "by reason of the want of such fence," failure to fence the track where the right exists does not create an absolute liability to the owner of stock killed or injured at such place, but such owner must show that the want of such fence caused the injury.

REBUTTAL EVIDENCE:   *Prima facie case:*   The *prima facie* case made by the plaintiff when he has shown the injury to his stock, and want of sufficient fence at a point where the right to fence exists, is rebutted when his evidence clearly shows that the stock went on the railroad through an open gate in defendant's fence for which it was not responsible.

ADMISSIONS OF SECTION FOREMAN:   *Res gestæ.*   In an action for the killing of stock on defendant's railway tracks, where the right to fence existed, evidence of admissions made after the accident by defendant's section foreman as to the previous condition of the fence at that point was properly excluded as being no part of the *res gestæ.*

*Appeal from Harrison District Court.*—Hon. F. H. Gaynor, Judge.

Monday, January 22, 1900.

Action for double damages for a cow killed by a train of cars at a place on defendant's railway where it had a right to fence. There was a trial to jury. After plaintiff's evidence was in, a verdict was returned, by direction of the court, in defendant's favor. From the judgment rendered thereon, plaintiff appeals.—*Affirmed.*

*S. H. Cochran* for appellant.

*Hubbard, Dawley & Wheeler* and *Thos. Arthur* for appellee.

WATERMAN, J.—The cow in question was kept in a, pasture adjacent to the railway track. It escaped therefrom, and was struck and killed by a train of cars. No serious question is made but that the pasture fence was in good condition. But it is contended that, because the fence on the opposite side of the track was out of repair, the defendant is liable, although its condition in no way aided in causing the accident. The proposition contended for is thus stated by counsel: "It is immaterial where the cow went through. The failure to fence the railroad track on both sides, and keep it up, creates absolute liability." The statute seems to us to settle this matter. Section 1289, Code 1873 (being section 2055 of the present Code), provides: "Any corporation operating a railway and failing to fence the same against live-stock running at large * * * where the right to fence * * * exists, * * * shall be liable to the owner of any stock killed or injured *by reason of want of such fence,"* etc. We have italicized the qualification which we think settles this controversy. There is no liability for the failure to fence unless the injury is caused thereby. In *Small v. Railroad Co.,* 50 Iowa, 340, speaking of this section, this court said: "It provides that where stock is injured or killed by reason of a want of such fence the owner may recover." In *Manwell v. Railway Co.,* 80 Iowa, 662, it is said: "The statute (section 1289) provides that, in order to recover, it shall only be necessary for the owner to prove the injury or destruction of his property. But it is manifest that, in order to recover, the owner must prove other facts, among which are * * * that the stock was injured or killed by reason of its failure to fence at a point where the right to fence existed." See, also, *Croddy*

*v. Railway Co.,* 91 Iowa, 598. It seems clear the statutory liability is not absolute, that the breach of duty must have been the cause of the injury, and in the case at bar it does not even inferentially appear to have been. We do not regard the case of *Tredway v. Railroad Co.,* 43 Iowa, 527, and which is relied on by appellant, as in conflict with what we have said. The facts of that case are not fully reported, but enough appears to show that the holding was based on the circumstance that the animal escaped from its pasture a day or two before the accident, and was running at large, and may have come upon the track on the opposite side of the road, where there was no fence. If it is still open for us to say that a *prima facie* case is made for plaintiff when the injury to the stock and the want of a sufficient fence at a point where the right to fence existed are shown, yet such a case is rebutted here, for the circumstances shown by plaintiff make it clear that the cow went upon the track through an open gate in the pasture fence, for which the defendant was not responsible.

The only other assignment of error relates to an objection sustained to questions asked of plaintiff with relation to admissions made after the accident by one Johnson, the section foreman, as to the previous condition of the fence. The objection was correctly sustained. What was said by Johnson was not a part of the *res gestae;* it was but a narrative of a past transaction. *Treadway v. Railroad Co.,* 40 Iowa, 526. Besides this, what Johnson said, as shown by the amended abstract, related to the fence on the opposite side of the railroad from the pasture, and was, therefore, immaterial.—AFFIRMED.