# Brentner v. The Chicago, Milwaukee & St. Paul R'y Co.

1. **Jury:** PANEL EXHAUSTED: FILLING VACANCIES FROM BY-STANDERS. *State v. Harris*, 64 Iowa, 287, followed,—the facts being the same.

2. **Railroads:** WANT OF FENCE: KILLING STOCK: DOUBLE DAMAGES: METHOD OF SERVING NOTICE AND AFFIDAVIT. The notice and affidavit of the killing of stock by a railroad company, required by § 1289 of the Code in order to the recovery of double damages, may be served by simply delivering them to the proper officer or agent of the company, without reading them.

3. ———: ———: ———: ———: ERRONEOUS INSTRUCTION: NO PREJUDICE. An instruction in this case to the effect that where cattle get on the track of a railroad on account of the want of a fence where the right to fence exists, and are killed by the cars, the company is liable, whether the cattle are running at large at the time or not, was erroneous; but, since it was clearly shown on the trial that the cattle in question were running at large, the error could not have prejudiced defendant, and is no ground for reversal.

4. ———: ———: ———: ———: BURDEN OF PROOF AS TO FENCE. In an action for the value of stock killed on a railroad track by reason of the want of a fence, the burden is on the company to prove that it had a sufficient fence, as the statute ( Code, § 1289) makes the fact of the injury in such cases *prima facie* evidence of the company's negligence. (*Small v. Chicago, R. I. & P. R'y Co.*, 50 Iowa, 338.)

5. ———: ———: ———: ———: INTEREST ON DAMAGE BEFORE VERDICT. In such a case the plaintiff is not entitled to the interest on his damages prior to the finding of the verdict, and it was error to instruct the jury that they might include interest at six per cent.

6. **Practice in Supreme Court:** JUDGMENT EXCESSIVE: REMITTITUR. · Plaintiff having offered in this court to remit the interest which was erroneously included in the judgment in his favor, and there being no other error, the judgment is affirmed upon condition that he file a *remittitur* in thirty days; otherwise reversed.

*Appeal from Cerro Gordo Circuit Court.*

WEDNESDAY, APRIL 7.

PLAINTIFF seeks to recover double the value of certain cattle which, he alleges, were killed on defendant's railroad track by an engine and train of cars. It is alleged that the injury occurred at a point where defendant had a right to

fence its track, but that it neglected to maintain a sufficient fence at said point to keep cattle from entering upon its track, and that the cattle in question, in consequence of such neglect, entered thereon and were killed. There was a verdict and judgment for plaintiff, and defendant appeals.

*Geo. E. Clark*, for appellant.

*Miller & Cliggitt*, for appellee.

REED, J.—I. The defendant objected to the panel of the trial jurors upon the ground that the persons constituting the panel had not been drawn as required by law. The objection was overruled. In this respect there is no difference between this case and *State v. Harris*, 64 Iowa, 287. Therefore the court did not err in overruling the objection.

1. JURY: panel exhausted: filling vacancies from bystanders.

II. Plaintiff offered in evidence a written notice and affidavit of the killing of the stock. He also introduced the deposition of a witness who testified that he read a portion of said notice and affidavit to a station agent of defendant, and delivered the same to him. Defendant objected to the admission of the notice and affidavit in evidence on the ground that it was not shown that they had ever been served on defendant in the manner provided by the statute. This objection was overruled, and this ruling is assigned as error. The statute (Code, § 1289) provides that if the "corporation neglects to pay the value or damage done any such stock within thirty days after notice in writing, accompanied by an affidavit in writing, of such injury or destruction has been *served* on any officer, etc., such owner shall be entitled to recover double the value of the stock killed or damages caused thereto." Defendant's position is that the service of the notice and affidavit should be made in the manner provided for the service of original notices,—that is, by reading the same and delivering a copy thereof to the person on whom

2. RAILROADS: want of fence: killing stock: double damages: method of serving notice and affidavit.

the service is sought to be made,—and that, as but a portion of the notice and affidavit was read to the agent by the person who attempted to serve it, this does not constitute legal service of the papers.

The statute does not prescribe the manner in which the service shall be made. The provision is simply that the papers shall be served on an officer or agent of the corporation, and we think they may be served by simply delivering them to the person on whom the service is made. There is no express requirement that they shall be read to him, and there is nothing in the nature of the case which requires that they should be read. The court, therefore, properly admitted the affidavit and notice in evidence on proof that they had been delivered to the agent. See *Mendell v. Chicago & N. W. R'y Co.*, 20 Iowa, 9. Defendant asked the court to instruct the jury that unless the notice and affidavit were served by reading them to the agent to whom they were delivered, plaintiff could not recover more than the actual value of the cattle killed. Under the view we have taken of the question as to what constitutes service under the statute, this instruction was properly refused.

III. The court gave the following instruction: " Defendant had the right to fence its railway track and right of way

3. ——: ——: at all points except highway crossings and depot

erroneous in- grounds; and if it failed to build a good and suf-
struction:
no prejudice. ficient fence to keep stock and cattle off from its right of way under all ordinary circumstances, or failed to exercise ordinary care or diligence to maintain and keep the fence in repair after it was built, such failure would constitute negligence on its part, and would make defendant liable for all injury to cattle or stock occasioned by such failure or negligence." The giving of this instruction is assigned as error. The objection urged against the instruction is that it lays down a rule of liability materially different from that established by the statute, in this: that the statute imposes on the corporation the duty to fence its right of way against live-

stock running at large, and makes it liable for any injury to such stock caused by its failure to perform that duty; while the rule announced by the instruction is that it is its duty to build and to maintain fences sufficient to keep cattle off its right of way under all ordinary circumstances, and that it is liable for all injury to stock or cattle occasioned by its failure to perform that duty. That the instruction states a broader rule of liability than is laid down in the statute is very clear, and, as an abstract proposition, it cannot be approved. It contains no such qualification as that the cattle must have been running at large at the time of the injury to render defendant liable therefor; but the doctrine of the instruction is that, if the corporation neglected to build and maintain fences sufficient to keep stock off its right of way under all ordinary circumstances, it is liable for *all injury* to stock occasioned by such negligence. Under this rule, the corporation would be liable for injury to stock which, owing to its failure to maintain a sufficient fence to exclude it therefrom, went upon its track and was injured there, although at the time it was not running at large. We would not, however, reverse the judgment on this ground alone. The evidence shows without any conflict that the cattle in question were running at large at the time of injury complained of. Defendant, therefore, was not prejudiced by the instruction.

IV. The court told the jury in another instruction "that the burden of proof is on the defendant to establish the building of a good and sufficient fence." Defendant excepts to this instruction. The position of counsel is that, as plaintiff alleged in his petition that the injury was occasioned by the failure of defendant to build and maintain a sufficient fence, and as this was denied in the answer, the burden was necessarily on plaintiff to establish the allegation. The statute, however, which gives the owner of stock which has been killed or injured on a railway track a right of action therefor, (§ 1289, *supra,*) provides " that in order to recover it shall only be

necessary for the owner to prove the injury or destruction of his property." The effect of this provision is to make the fact of the injury or destruction of the property on the railway track *prima facie* evidence of negligence on the part of the corporation. *Small v. Chicago, R. I. & P. R'y Co.*, 50 Iowa, 338.

V. The court directed the jury that if they found that plaintiff was entitled to recover for the injury complained of,

5. — : — : interest on damages before verdict. and that defendant neglected to pay the damages caused thereby for more than thirty days after a notice and affidavit of the loss had been served on it, they should award plaintiff as his damages double the value of the property destroyed, and should also allow him six per cent interest thereon from the date of the expiration of thirty days from the service of the notice and affidavit. Defendant assigns the giving of this direction to allow interest as error. The general rule at common law undoubtedly is that interest is not allowed in actions grounded on tort. 3 Pars. Cont., 107; Sedg. Dam., c. 15. In actions of trover and trespass, however, the jury were allowed, where they were satisfied that the plaintiff could not otherwise be justly or adequately compensated, to allow interest in their estimate of the damages. *Hyde v. Stone*, 7 Wend., 354; *Beals v. Guernsey*, 8 Johns., 343; *Kennedy v. Whitwell*, 4 Pick., 466. There is no provision in our general statute on the subject of interest under which interest can be allowed on claims of this character; (see § 2077;) and, as the statute which affords the remedy provides that the recovery shall be in double the amount of the actual damages sustained by the plaintiff, the presumption is that the legislature intended this award to be in full satisfaction of the injury.

As the law has established a measure of recovery, the courts and juries are necessarily deprived of all discretion in awarding the damages, and they should be assessed alone on the basis created by the statute. We think, therefore, that

the instruction is erroneous, and that plaintiff is not entitled to interest on the amount of the damages.

VI.   The plaintiff offers to remit the erroneous assessment of interest.   Therefore there is no necessity for reversing the judgment.   If the plaintiff files a *remittitur* in thirty days after the filing of this opinion, the judgment of the circuit court will be affirmed, but the plaintiff must pay the costs in this court.   If such remittitur is not filed, then the judgment of the district court must be

6. PRACTICE in the supreme court: judgment excessive: remittitur.

REVERSED.