67 160
d110 446

. FRANCES E. JEBB v. THE CHICAGO & GRAND TRUNK
RAILWAY COMPANY.

*Justices of the peace—Jurisdiction—Adjoining township—Negligence
—Liability of railroad company for injury from defects
in right-of-way fence—Evidence.*

1. A justice of the peace of a city formed from territory lying *wholly*
within a township has jurisdiction of a suit against a defendant
who resides in a township adjoining said *first-named* township.

2. On the trial of a suit against a railway company to recover the
value of certain specified animals killed on defendant's right of
way by reason, as claimed. of defective fences, it is immaterial
to show that other stock belonging to plaintiff had on several
occasions, months before the injury complained of, been seen on,
said right of way.

3 Where, in such a case, the defendant claimed that the animal
came upon its track in the highway, where the engine struck it,
and the plaintiff's claim was that, if the animal was upon the
highway crossing when injured, it was because of the neglect of
defendant to properly fence its track, and the dead animal was
found on the right of way *beyond* the highway inclosures,—

*Held,* that a request that the jury be instructed that if they
found that the animal was struck in the highway by defendant's
engine, and killed, plaintiff could not recover, was properly
refused, as it excluded all idea that the defendant's negligence
might have been the occasion of the cow being upon the high-
way, or have contributed to her going there.

4. On a review of the charge of the court, no error is found. For
points excepted to, see opinion.

Error to Kalamazoo. (Mills, J.) Argued April 29, 1887.
Decided October 13, 1887.

Case. Defendant brings error. Reversed. The facts are
stated in the opinion.

*Edwards & Stewart (E. W. Meddaugh,* of counsel), for
appellant.

*George M. Buck,* for plaintiff.

SHERWOOD, J.   The plaintiff in this case owns 40 acres of land lying in the township of Climax, in the county of Kalamazoo.

The defendant's railway runs diagonally across the northwest corner of the lot, leaving in the corner cut off a triangular piece of ground containing about three acres, which the plaintiff used during the season of 1884 for pasture.   On the last of May and during the month of June the plaintiff owned a cow and some hogs, which were pastured in this corner lot. The cow and one of the plaintiff's hogs were run over by defendant's cars, and killed.   The plaintiff claims that by reason of the neglect of the defendant to fence its road, and keep it in repair, where it crossed her land, as required by law, her cow and hog passed from her pasture field onto the defendant's right of way, and upon the track, where they were killed by the passing trains.

The cause was tried before a jury in the Kalamazoo circuit, and the plaintiff recovered a judgment of $78.63.   The defendant brings error.

This cause was originally commenced in justice's court. The plaintiff stated her case in three counts in the declaration; and thereupon counsel for the defendant moved the court to dismiss the suit, on the ground that it had no jurisdiction in the case, for the reason that the plaintiff at the time the suit was commenced resided in the township of Climax, and that the justice before whom the suit was brought resided in the city of Kalamazoo, which lies entirely within the territorial limits of the township of Kalamazoo, and that defendant's road only passes through a township which corners with the township of Kalamazoo, but neither adjoins nor corners with the city.   The justice overruled the motion. The defendant then pleaded the general issue, and the cause was tried.   On the appeal to the circuit, counsel for defendant, when the plaintiff offered her proofs, objected to the same, claiming that the court had no jurisdiction in the case,

for the same reason urged before the justice, and was again overruled. This ruling is now alleged as the defendant's first ground of error.

We think the ruling was correct. Section 6818, How. Stat., provides that suit may be brought—

"Before some justice of a city in the same county, formed from a township or townships next adjoining the residence of the plaintiff or defendant, or one of the plaintiffs or defendants."

And by Act No. 118, Laws of 1885, it is further provided that the action may be brought before a justice of a city lying in a township which adjoins the township where the plaintiffs or defendants, or either of them, resides. It is conceded by the record that the defendant was a resident of the township of Pavilion, for the purpose of this suit, and Pavilion corners with the township of Kalamazoo; and this would be sufficient to enable the justice before whom the suit was commenced to take jurisdiction. How. Stat. §§ 6861, 8147; *Holmes v. Carley*, 31 N. Y. 289; *Burson v. Huntington*, 21 Mich. 415.

We find nothing in the charter of the city of Kalamazoo interfering with the statute of 1885, herein referred to. It was undoubtedly intended to apply to such cases as the present.

The plaintiff relied upon the insufficiency of the defendant's fence on the north side of its right of way adjoining her pasture lot, where it is alleged her stock came upon the defendant's road, as one of the grounds of defendant's negligence. She also claimed that the insufficiency of said fence had existed a long time before her property was killed, and that she gave notice to the company early of its defective condition.

It does not appear from the testimony that any one saw the animals killed go upon the defendant's right of way at the time they were injured; and the plaintiff, after proving the condition of the defendant's fence, was allowed to show

by several witnesses that other of the plaintiff's stock, such as her hogs and sheep, had on several occasions, months before, been seen on the defendant's right of way. Counsel for defendant objected to all testimony relating to other animals than those killed going upon the defendant's right of way. The court overruled the objection, and allowed considerable testimony of this character to come in.

The objection should have been sustained. It was certainly immaterial to show what the plaintiff's other stock did, and especially at other times than when the animals mentioned in the declaration were killed.

We have examined the declaration and proofs, claimed to be at variance, which were admitted by the court, and cannot agree with the learned counsel for the defendant upon that subject in this case. We think the declaration was sufficiently specific to admit the proofs which were proper to be received. We find no other objections to the testimony needing further consideration.

The defendant upon the trial claimed that the cow came upon the track of the defendant in the highway, where the engine struck her. And the plaintiff's claim was that, if the cow was upon the highway crossing when injured, it was because of the neglect of the defendant to properly fence its track. When the animals were found, after being killed, they were both on the defendant's right of way, beyond the highway inclosures. At the close of the trial the defendant's counsel asked the court to instruct the jury:

"If the jury find from the testimony in the case that the cow was struck in the highway by the defendant's engine, and killed, the plaintiff cannot recover."

This request was properly refused. The request excludes all idea that the defendant's negligence might have been the occasion of the cow being upon the highway, or contributed to her going there.

Several portions of the charge were excepted to by the

defendant, as given by the court. The paragraphs inclosed in brackets in the following extract from the charge contain the parts excepted to, viz.:

"[The defendant denies that the fence was out of repair, and denies that the animals got upon its track in consequence of any defect in the fence, or through the fence.]

"If you find that the defendant had been operating the railroad mentioned in the declaration in this case for six months or more before the killing of the plaintiff's animals, as alleged by plaintiff, then it was the duty of the company to erect and maintain on the side of its road fences four and a half feet high, and in good repair, consisting of rails, timber, boards, stone walls, or any combination thereof, or other things equivalent thereto, and of such reasonable strength as to confine or turn the animals usually restrained by fences in this country. But if these animals did not get on this track in consequence of any defect in the railroad fence, or because of breachings or otherwise, it would make no difference in this case whether the fence was in repair or out of repair.

"[If the jury find that on or about the thirty-first of May, 1884, a cow belonging to the plaintiff was killed by an engine of the defendant running upon the railroad operated by the defendant, and that such cow escaped from the plaintiff's field onto the railroad track by reason of a defect in the fence, which it was the duty of the defendant to erect and maintain, and that such defect was an open, visible one, and had existed for some time before the killing of the cow, then the plaintiff would be entitled to recover the value of the cow, and interest on such value from the time of the killing.]

"[And if the jury find that on or near the said thirty-first day of May, 1884, a shoat belonging to the plaintiff was killed by an engine of defendant running upon the railroad operated by the defendant, and that such hog escaped from the plaintiff's field onto the railroad track because of a defect in the fence, which it was the duty of the defendant to erect and maintain, and that such defect was an open and visible one, and had existed for some time before the killing of the shoat, then the plaintiff is entitled to recover the value of the hog, and interest from the date of killing. So that you see in both cases the liability of the company depends upon the question as to whether or not the cow and the shoat got upon the track in consequence of the defect in the fence.]

"[If you find from the evidence that the cow escaped from the pasture onto the track through the fence, which it was the company's duty to maintain, and that such fence was insufficient under

the rule I have already given you, then the defendant would be liable to the plaintiff for killing the cow, whether the cow was upon the public highway or not at the time she was struck by the engine|;—

" But that, of course, depends upon whether she got upon the track because of a defect in the fence.

" If she had escaped from the lot onto the highway, and so onto the track, and was killed, then I charge you that in this case the plaintiff would not be entitled to recover for the cow, even though you should find that she was killed by the defendant's cars, because in this case the killing would not be occasioned by the injury which the plaintiff asserts as her cause of action in this case.

" If you find from the testimony that the plaintiff left her cow in question running at large in the highway, and defendant's cattle-guard and side-way fences, running from either side of the cattle-guard to the defendant's right-of-way fences, were properly constructed and in good repair, and that the cow got onto the defendant's right of way from this point, and was struck and killed by the defendant's engine, the plaintiff cannot recover.

" It is not enough for the plaintiff to allege and show that the defendant's fence was defective along its right of way, so that the cow could have gotten onto defendant's track, but it is the duty of the plaintiff, in order to entitle her to recover, to show by a preponderance of the testimony that the cow (and this is true of the shoat, too) got onto the track because of and through the defective place in defendant's fence, if you find there was any; and, unless she has established that fact by a preponderance of the evidence, she could not recover.

" Now, gentlemen, I think I have said all that I need to say, in order to enable you to properly dispose of the issues in this case.

" [The question with reference to both of these animals is—

" 1. Was this fence out of repair as claimed by the plaintiff?

" 2. If it was, did the cow and the hog get onto the track because of that defect in the fence?]

" If they did, why, then, one result would follow. If they did not, then the other would follow. Now, you take this evidence, and dispose of it fairly and impartially, and having done so return into court with a verdict which will be in accordance with the law and the evidence."

In answer to a question here put by a juror, the court did further instruct the jury as follows:

" I instruct you, as matter of law, that a barbed-wire fence on that railroad track would be just as lawful and just as legal as any other fence, provided it was ordinarily sufficient to prevent stock and animals from getting onto the track. That is the assumption of law, and now, since 1885, the Legislature has taken that up, and regulated by express enactment, and has said, of what in the future a railroad fence, in which barbed-wire is used, shall be constructed; but this accident took place prior to that law, and prior to that time the barbed-wire fence, if properly constructed, was just as lawful and just as legal as any other fence.

" But the question whether a barbed-wire fence is a lawful fence or not, is not involved in this case at all.

" [The only question is whether that fence was out of repair, and whether the animals got through that fence onto the track because it was out of repair.]"

We find nothing in the foregoing charges excepted to of which the defendant need complain.

The testimony erroneously admitted, however, was of a damaging character, and for this reason the judgment must be reversed, and a new trial granted.

The other Justices concurred.