CHARLES WALL, Appellee, v. DES MOINES & NORTH-WESTERN RAILWAY COMPANY, Appellant.

1. **Railroads: INJURY TO STOCK: EVIDENCE.** In an action to recover for the negligent killing of a colt by a railroad company, the admission in evidence of statement made by the defendant's section boss and station agent in regard to the colt, which were not part of the *res gestæ*, nor shown to be authorized by the employment of the persons who made them, is erroneous.

2. ———: ———: **INSTRUCTIONS TO JURY.** The facts alleged in the petition as constituting negligence being admitted by the defendant in its answer, and the only issue being whether the colt in question was in fact killed by the defendant, *held*, that an instruction to the jury summitting the question whether the defendant was negligent in the operation of its trains was erroneous.

| 89 | 193 |
| 91 | 602 |
| 89 | 193 |
| 99 | 427 |
| 89 | 193 |
| 108 | 601 |
| 89 | 193 |
| 121 | 475 |
| 89 | 193 |
| 137 | 304 |
| 89 | 193 |
| 140 | 195 |

3. ———: ———: ———. The language of section 1289 of the Code, that to entitle the plaintiff in such action to recover, "it is only necessary for him to prove the injury to, or destruction of, his property," is not intended to dispense with all proof on the part of the plaintiff, except as to the fact of injury or destruction, and an instruction to the jury in the language of that part of the statute, without modification or explanation, is erroneous, and is to be deemed prejudicial, although the facts which the plaintiff is required to prove in order to recover are stated at length in another part of the charge.

*Appeal from Guthrie District Court.*— HON. A. W. WILKINSON, Judge.

WEDNESDAY, OCTOBER 11, 1893.

ACTION to recover double the value of a colt alleged to have been killed by the defendant in operating its railway at a point where it had a right to fence, but failed to do so. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Cummins & Wright,* for appellant.

*S. D. Nichols,* for appellee.

ROBINSON, C. J.—The pleadings and evidence show that on the morning of Sunday, the ninth day of November, 1890, a colt owned by the plaintiff was found dead a few feet from the railway track of the defendant, at a point north of Panora, where the right to fence its right of way existed, but where there was no fence. Nothing in the external appearance of the colt indicated the cause of its death. Its skin was removed, and a severe bruise on the right shoulder, and a less important one over the right hip, were disclosed. The bruise on the shoulder extended below the surface, and a dissection showed that the immediate cause of death was the rupture of an artery under the sternum. When last seen alive, late in the afternoon of November 8, the colt, with three others, was a short distance west of the railway, moving

slowly towards it. After it was discovered, the tracks of three colts or horses were seen, which showed that the animals, in making them, moved in a southeasterly direction, crossing the railway near the place where the the dead colt was found, and that there were tracks of another colt made in the same direction, which could not be traced beyond the railway track, but ended there, at a point twenty or twenty-five feet from the place where the dead colt was lying. A notice of the death of the colt and of the claim made on account of it, accompanied by an affidavit, was served on the defendant. Payment not having been made within thirty days from the time of the service of the notice, this action was commenced to recover double the value of the colt.

It is the theory of the plaintiff that the colt, while attempting to cross the track, was struck by the engine of the train of the defendant which passed northward at the place of the accident a few minutes before 6 o'clock in the afternoon of November 8, and thrown from the track a distance of twenty or twenty-five feet, thereby receiving the injuries which caused its death. The defendant denies that the theories are sustained by the evidence, and insists that the death of the colt might have been caused by a kick from one of the other colts as well as by a blow from the engine.

I. On the trial of the cause the plaintiff was permitted to prove, against the objections of the defendant, 1. RAILROADS: certain statements of a section boss in injury to stock: evidence. regard to the death of the colt, the disposition to be made of it, and in regard to an arbitration, and also a direction of the agent of the defendant at Panora in regard to the colt. The statements thus proven were not a part of the *res gestæ*, and were not, so far as is shown, authorized by the employment of the persons who made them. The appellee does not defend the rulings with much apparent confidence in their correctness, but insists that, if

erroneous, the testimony thus admitted was without prejudice. We think that is clearly true of some of it, but with regard to some there is more doubt. Since we find it necessary to reverse the judgment of the district court on another ground, it is only necessary to say that proof of the statements in question was erroneously admitted.

II. The fifth paragraph of the charge to the jury was as follows:

"The defendant, being a corporation, acts through its officers, agents and employees, and the negligence of the employees of defendant would, in law, be the negligence of the defendant corporation. It was the duty of the defendant, its agents and employees, to exercise ordinary care and diligence in the operation of its trains; and by ordinary care and diligence is meant that care and caution that a reasonably prudent, careful and cautious person would have exercised under the same circumstances."

2. ——: ——: instructions to jury.

The defendant complains of this on the ground that no issue in regard to negligence was tendered by the pleadings, the failure to build the fence alleged in the petition having been admitted in the answer. The plaintiff concedes that this is true, but insists that no prejudice resulted from the giving of that portion of the charge. We are of the opinion, however, that the record does not show that no prejudice resulted from it. Its natural effect would be to confuse the jury in regard to the real issues they were required to determine, and to induce them to seek for evidence of negligence on the part of the employees of the defendant. It appears that the glass of the headlight of the engine which it is claimed struck the colt was broken, and at Panora a lantern was placed in the reflector, and used in lieu of the ordinary light. What effect that had in the minds of the jury, in connection with

the portion of the charge under consideration, can not be told. We conclude that the giving of that portion of the charge must be treated as prejudicial error.

III. The appellant complains a portion of the sixth paragraph of the charge which reads as follows: "And to entitle such owner to recover, it is only necessary for him to prove the injury to, or destruction of, his property." It will be noticed that this is a paraphrase of a part of section 1289 of the Code. We had occasion to consider that provision in the case of *Manwell v. Burlington C. R. & N. R'y Co.,* 80 Iowa, 663, where we held that the various provisions of the statute must be construed together, and that it was not designed to dispense with all proof on the part of the owner in cases of this kind, excepting as to the injury or destruction of his property. The statement of the law, as given in the part of the charge quoted, without modification or explanation is erroneous. In another portion of the charge, the facts which the plaintiff was required to prove in order to recover were stated at length, and it may be that no prejudice resulted from the statement quoted, but we are of the opinion that it would be better practice to avoid the the appearance of a conflict in the different portions of the charge which might confuse and mislead the jury.

For the errors pointed out, the judgment of the district court is REVERSED.