BOWEN v. FLINT & PERE MARQUETTE RAILWAY CO.

1. RAILROAD COMPANIES — KILLING STOCK — DEFECTIVE FENCES — EVIDENCE.

Evidence that, on several occasions within about a month before the killing of plaintiff's colts at a railroad crossing, cattle were found upon the track, and driven through the fence along the right of way at the point where plaintiff claims the colts subsequently went through, is admissible upon the issue whether the colts escaped at such point, or at a point in plaintiff's fence along the highway, where the defendant's testimony is to the effect that the former fence was in a good condition. *Jebb* v. *Railway Co.*, 67 Mich. 160, distinguished.

2. SAME.

Upon such issue, the question whether a witness knew of the colts' "coming out and being shut up on the highway" is incompetent, it referring to no particular time and being directed to no particular fence.

Error to St. Clair; Vance, J. Submitted June 19, 1896. Decided July 28, 1896.

Case by Owel Bowen against the Flint & Pere Marquette Railway Company to recover for the loss of horses killed on defendant's track. From a judgment for plaintiff, defendant brings error. Affirmed.

The defendant's right of way crosses the plaintiff's farm and a highway adjoining. In one field, adjoining the right of way, he pastured some colts. Two of them were killed in the highway upon the crossing. The claim of the plaintiff is that the colts escaped from the pasture through a defective fence along the right of way, crossed over into his adjoining field, and thence into the highway. The claim of defendant is that they escaped through the plaintiff's fence along the highway, which was claimed to be defective. The case was left to the jury upon both theories, the court instructing them that if they found that the colts escaped through the defendant's fence, on account of its defective condition, the plaintiff was entitled to recover, but, if they found that the colts escaped through the plaintiff's fence along the highway, their verdict should be for the defendant.

*Atkinson & Wolcott*, for appellant.

*Avery Bros. & Walsh*, for appellee.

GRANT, J. (*after stating the facts*). Plaintiff was permitted to show, under objection and exception, that, on several occasions within about a month before the accident, cattle were found upon the track, and driven through the fence at the point where it is insisted the plaintiff's colts went through. It is insisted that this was error, under *Jebb* v. *Railway Co.*, 67 Mich. 160. We think that case does not rule this. The object of this testimony was to show the condition of the fence at the identical spot where plaintiff insists the colts went through. This was not the case in *Jebb* v. *Railway Co.*, in which it appears that the testimony introduced covered many months prior to the accident, and was not confined to any particular part of the fence. In view of the fact that the defendant's testimony was to the effect that this fence was in good condition, we think the testimony was competent.

It is also insisted that the court erroneously ruled out testimony tending to show that plaintiff's colts were frequently in the highway, and that they got out of plaintiff's field over his fence along the highway.   If defendant had offered such testimony, it would have been competent, but such was not the question.   The question objected to was, "Do you know of Mr. Bowen's colts coming out and being shut up on the highway?"   The question referred to no time, and was not directed to the plaintiff's fence.

The judgment is affirmed.

: The other Justices concurred.