August S. Schmitt, Appellant, v. The Chicago, St. Paul & Kansas City Railway Company.

**Railroads: DOUBLE DAMAGES—EVIDENCE:** *Construction of statute.* In an action under Code, section 1289, to recover double damages for injury to live stock, plaintiff alleged that the stock was given access to defendants track by reason of defendant's failure to maintain a substantial fence, as required by law. Plaintiff proved, only, that the stock went on defendant's right of way, and was killed by a locomotive. *Held,* that there could be no recovery on such a showing.

*Appeal from Black Hawk District Court.*—Hon. J. L. Husted, Judge.

Wednesday, October 21, 1896.

Appellant's statement is so fair that we adopt it, and it is as follows: "This action is brought under section 1289, of the Code, to recover double damages for injury or destruction of stock by a railway corporation. The petition alleges the corporate character of the defendant company; its duty to construct, maintain, and keep in repair a good, substantial, and lawful fence along its railway track; that its railway track crosses plaintiff's land; that three colts belonging to plaintiff, and kept by him in his pasture adjacent to defendant's track, escaped therefrom, and were given access to defendant's track by reason of the failure of the defendant to maintain and keep in repair along its track a good, substantial, sufficient, and lawful fence, as provided by law; and that, by reason of such failure, the colts escaped from the pasture, and came upon the defendant's track, where they were killed; the value of the colts; and service of the proper notice and affidavit upon the company. The defendant's answer was a general denial. On the trial, the plaintiff introduced

witnesses by whom the following facts were proved:
The defendant's right of way and railroad track traverses plaintiff's farm from the southwest to the northeast. Adjoining, plaintiff had a pasture fenced on all sides, fence along the track having been built by the defendant in the summer following the construction of the road. The colts in question were being kept in this pasture. One morning they were found inside the fence on defendant's right of way, lying about seven feet from the track, covered with bruises and cuts, which indicated that they had been struck by a locomotive. There were also blood and bones and ribs stuck on and scattered along the ties. After proving the above facts, the value of the colts, and service of notice and affidavit, as provided by law, the plaintiff rested. The defendant then moved that a verdict be directed for the defendant on three grounds, the one raising the only question in the case, being that the 'plaintiff failed to show that the colts in question got upon defendant's track, and were killed by its train of cars or engine, by reason of a failure to erect and maintain a fence along its right of way,' which motion was by the court sustained, and the case now stands for review upon the correctness of such decision." The plaintiff appealed.—*Affirmed.*

*Mullan & Pickett* for appellant.

*O. C. Miller* for appellee.

GRANGER, J.—We do not understand appellant to claim that the colts were killed because of failure to construct a fence, but because of failure to properly maintain a fence after it was constructed. It is not so clear that there was not a purpose to claim that there never was a sufficient fence constructed. The language of the petition is: "That said colts escaped

from plaintiff's possession and premises, and were given access to defendant's railway track by reason of the failure of defendant company to maintain and keep in repair along said track a good, substantial, sufficient, and lawful fence, as provided by law." The answer is a denial. The only material facts shown by the evidence on the part of the plaintiff, are that the colts went onto defendants right of way, and were killed by a locomotive. Without proof of other facts, the right of recovery is just as complete without as with the proof as to the fence, the pasture, and the colts being therein. If, without such facts, they went onto the right of way, and were killed, because of defendant's negligence, it is liable. When reduced, it is a case in which plaintiff is asking to recover merely by showing the destruction of his property on the right of way. The court, by taking the case from the jury, held that there could be no recovery on such a showing. The holding is in precise accord with that in *Wall v. Railway Co.*, 89 Iowa, 193 (56 N. W. Rep. 436). That was an action under Code, section 1289, to recover for a colt killed on defendant's right of way for a failure to fence where it had the right to. The court in that case gave an instruction that, for plaintiff to recover, it was necessary to prove the injury to, or destruction of his property, The instruction was held erroneous, and the case refers to *Manwell v. Railway Co.*, 80 Iowa, 662 (45 N. W. Rep. 568), in which the question is elaborated, and where the facts differ so that the negligence charged is not for a failure to fence, but for a failure to keep it in proper condition; so that we have the rule as announced under different conditions, or facts. The *Manwell Case* states some of the facts essential to be proven to warrant a recovery, and one of them is "that the corporation was engaged in operating a railway, and that the stock was killed by

reason of its failure to fence at a point where the right to fence existed." In this case it appears that the railway was operated, but not that the stock was killed for any failure in regard to the fence. The rule in the *Manwell Case* is applied to a failure to keep the fence in condition, and the *Wall Case*, as we have said, to a failure to fence, so that the case is clearly within the rule. The *Manwell Case* reviews the other cases, and gives a conclusion as a fair construction of the several provisions of the statute; and, as followed by the *Wall Case*, we have the rule conclusively settled, unless the cases are to be overruled. The question is one of difficulties and doubt. The particular statute has been the subject of repeated adjudications, and in some of the cases there may be language, as applied to different facts, not entirely harmonious, but we discover no apparent conflict as to conclusions. We may state it as our conclusion in this case, that in actions of this character it is the duty of the plaintiff to allege, as was done in this case, and also prove *prima facie*, the failure of the company, on which reliance is placed for a recovery. There was no error in directing a verdict, and the judgment is AFFIRMED.