JERRY O'MARA v. NEWTON & NORTHWESTERN RAILROAD COMPANY, Appellant.

Railroads: CATTLE GUARDS: SUFFICIENCY: EVIDENCE. On the question as to whether a cattle guard is reasonably sufficient to prevent stock upon the highway from passing over the same onto the inclosed right of way, evidence that it does not in general afford such restraint is competent; but the fact that an animal crosses a cattle guard in front of a moving train is not in itself evidence of its insufficiency, although the manner in which it approached and crossed the guard is a circumstance to be considered in connection with the other facts in the case.

Same: INJURY TO STOCK: *prima facie* CASE: SUFFICIENCY OF EVIDENCE.

2 Under the present statute relating to the duty of a railway company to fence its right of way and to maintain proper and sufficient cattle guards where the right to fence exists, and its liability for failure to do so, the owner of stock killed or injured after it had crossed a cattle guard from the highway is not only required to show the injury, to make a *prima facie* case against the railway company, but must also show a failure of the railway company to maintain a proper fence or guard at that place.

*Appeal from Jasper District Court.*—HON. BYRON W. PRESTON, Judge.

THURSDAY, NOVEMBER 19, 1908.

ACTION to recover damages for injury to plaintiff's horse caused to it by being struck by defendant's train on its right of way at a place where it had a right to fence; such injury resulting in the death of the horse. There was a verdict and judgment thereon for plaintiff, and defendant appeals.—*Reversed.*

*Morgan & Korf* and *Dyer & Hull,* for appellant.

*Tripp & Tripp,* for appellee.

McCLAIN, J.—Plaintiff's horse, which was running at large on the highway prior to the injury complained of, ran or jumped over a cattle guard from the highway to the inclosed portion of the right of way just in front of a moving engine of defendant, and received injuries which resulted in its death.

I. Over defendant's objection, plaintiff's witnesses were allowed to testify that other stock had at other times passed over the same cattle guard, and the court instructed the jury that such evidence might be considered as bearing upon the question whether or not the cattle guard in question was proper and sufficient, in connection with other evidence on the

1. RAILROADS: cattle guards: sufficiency: evidence.

subject. In this respect no error was committed. While in general the happening of similar accidents in no way connected with the accident in controversy, and not shown to have occurred under similar conditions, or for similar causes, may not be admissible for the purpose of showing the negligence of a defendant with reference to such accident. (*Croddy v. Chicago, R. I. & P. R. Co.,* 91 Iowa, 598; *Mathews v. Cedar Rapids,* 80 Iowa, 459; *Hudson v. Chicago & N. W. R. Co.,* 59 Iowa, 581.) Here the question was not as to the cause of the accident, about which there was no controversy, but as to whether the cattle guard was reasonably sufficient. The purpose of a cattle guard is to prevent stock from passing along the right of way from the portion thereof which is in the highway to that portion which is inclosed, and the fact that in general it does not serve to afford such restraint is certainly evidence that it is not reasonably sufficient for the purpose for which it is required. The fact that similar cattle guards to the one in question had been found to be insufficient to turn stock might have been shown. *Timins v. Chicago, R. I. & P. R. Co.,* 72 Iowa, 94; *Payne v. Kansas City, St. J. & C. B. R. Co.,* 72 Iowa, 214. And certainly the fact that the particular guard in question has been shown to be insufficient to deter stock in general from crossing may be properly submitted for the consideration of the jury. *Bowen v. Flint & P. M. R. Co.,* 110 Mich. 445 (68 N. W. 230); *Lake Erie & W. R. Co. v. Murray,* 69 Ill. App. 274; *Lake Erie & W. R. Co. v. Helmericks,* 38 Ill. App. 141. The fact that the horse which was injured crossed the cattle guard in question in front of the moving engine was not in itself evidence of its improper construction, nor its insufficiency. *Barnhart v. Chicago, M. & St. P. R. Co.,* 97 Iowa, 654. And the jury was so instructed, but the court properly said, in this connection, that the manner in which the horse approached and crossed the cattle guard might be considered in connection with the other facts and

circumstances in the case.  *Timins v. Chicago, R. I. & P. R. Co.,* 72 Iowa, 94.

II.  The court instructed the jury that, by establishing the injury to the horse after it had crossed over the cattle guard from the highway to the defendant's inclosed right of way, plaintiff made out a *prima facie* case, and the burden shifted to the defendant to show that it was maintaining at that place a proper and sufficient cattle guard; that is, one reasonably adapted to the specific purpose.  Counsel for appellant and other counsel, who have by leave of court filed an additional brief in this case, insist that only on proof of the animal having come upon the right of way where the company had failed in its duty to construct a sufficient cattle guard, or over a cattle guard which it had negligently allowed to become insufficient, would the plaintiff make out a *prima facie* case, and that the instruction was therefore erroneous. The determination of this question involves a consideration of a section of the Code, the material portion of which is as follows: "Sec. 2055.  Any corporation operating a railway, and failing to fence the same against live stock running at large and maintain proper and sufficient cattle guards at all points where the right to fence or maintain cattle guards exists, shall be liable to the owner of any stock killed or injured by reason of the want of such fence or cattle guards for the full amount of the damages sustained by the owner on account thereof, unless it was occasioned by his willful act or that of his agent; and to recover the same it shall only be necessary for him to prove the loss of or injury to his property. . . ."  We are directly concerned only with the proper rule to be applied when the fence or cattle guard at the point where the animal comes upon the right of way is insufficient as originally constructed; for the testimony in this case related entirely to the insufficiency of the form

*2. SAME: injury to stock: prima facie case: sufficiency of evidence.*

of cattle guard constructed by the defendant, and not to its subsequently becoming out of repair. But it will be impracticable to discuss the correct rule to be applied in such cases without referring to the decisions in the cases where the fence or cattle guard has come to be insufficient after its original construction. It is to be noticed that prior to the adoption of the Code of 1897, containing the section above quoted, the analogous statutory provision had reference only to failure to fence, but for present purposes we may assume that the failure to maintain proper and sufficient cattle guards is put on the same footing as fail- ure to fence, and that in this respect the decisions under the prior statutory provision in relation to failure to fence are applicable now to the failure to construct and maintain a sufficient cattle guard.

The first case, so far as we can discover, in which this court applied the statutory provision in a case where. it was contended that there had been an original failure to fence, is that of *Brentner v. Chicago, M. & St. P. R. Co.,* 68 Iowa, 530, in which the court sustained an instruc- tion throwing upon the company the burden of proving that it had built a good and sufficient fence. The objection made to this instruction was that as plaintiff alleged the injury to have been occasioned by the failure of the com- pany to build and maintain a sufficient fence, which alle- gation was denied in the answer, the burden was neces- sarily upon plaintiff to establish such allegation, but the court citing the statute said: "The effect of this provision is to make the fact of the injury or destruction of the property on the railway track *prima facie* evidence of neg- ligence on the part of the corporation." In the next case involving an original insufficiency of the fence (*Morrison v. Burlington, C. R. & N. R. Co.,* 84 Iowa, 663), the court, without referring to the *Brentner* case, held that an in- struction was properly refused which called for proof of knowledge of the defective condition of the fence which

as originally constructed was insufficient, and in *Wall v. Des Moines & N. W. R. Co.*, 89 Iowa, 193, involving an alleged failure to fence, an instruction was held erroneous which stated that, to entitle the owner to recover, it was only necessary for him to prove the injury to or destruction of his property. In the case last cited the court refers to the conclusion stated in *Manwell v. Burlington, C. R. & N. R. Co.*, 80 Iowa, 662, with reference to the burden of proof under the statute when the animal is shown to have come upon the right of way through a fence which has become defective; that is, by reason of negligence of the company in failing to keep closed a gate at a private crossing. The language quoted from that case is as follows: "The statute provides that, 'in order to recover, it shall only be necessary for the owner to prove the injury or destruction of his property;' but it is manifest that, in order to recover, the owner must prove other facts, among which are that the property was of the kind contemplated by the statute, that the corporation was engaged in operating a railway, and that the stock was injured or killed by reason of its failure to fence at a point where the right to fence existed. The provision quoted was designed to change the burden of proof to some extent, and thus enable the owner to make a *prima facie* case by proving fewer facts than would be required in the absence of the statute, but it was not designed to dispense with all proof on the part of the owner, excepting as to the injury or destruction of his property. The various provisions of the statute must be construed together, and the purposes which they were designed to accomplish must be considered. When so treated, the statute will be found to fully authorize the conclusion we have reached, and to contain no language which makes a different construction necessary." It is true that the immediate question before the court was not an instruction as to burden of proof or *prima facie* sufficiency of the evidence, but the language

quoted has since been frequently referred to as stating the correct rule in that respect. See *Schmitt v. Chicago, St. P. & K. C. R. Co.,* 99 Iowa, 425; *Norman v. Chicago & N. W. R. Co.,* 110 Iowa, 283; *Daily v. Chicago, M. & St. P. R. Co.,* 121 Iowa, 254. In the latest case in which the court refers to failure of the company to construct a fence as distinguished from its negligence in maintaining the fence in good condition (*Craig v. Wabash R. Co.,* 121 Iowa, 471) the court uses this language: "The company had the right to fence its track at the point where the horse escaped. It failed to do so. Upon proof of this and the injury to the animal by one of its engines passing over the track, a *prima facie* case was made out for plaintiff." It is to be noticed that in this statement of the rule it is proof of the failure of the company to fence at a place where it had a right to do so, which, in connection with proof of injury on the right of way to the animal which has come thereon by reason of the failure to fence, makes out a *prima facie* case for the plaintiff. It is evident, therefore, that the court while continuing to cite the *Brentner* case has disregarded it, and applied in cases of entire failure to fence, or original insufficiency of fence, the rule previously recognized with reference to a fence which has become defective, to wit, that, before a *prima facie* case is made out, the plaintiff must show either original want or subsequent insufficiency of a fence at the place where the animal comes upon the right of way. See *Johnson v. Chicago, R. I. & P. R. Co.,* 55 Iowa, 707; *Bothwell v. Chicago, M. & St. P. R. Co.,* 59 Iowa, 192; *Butler v. Chicago & N. W. R. Co.,* 71 Iowa, 206. The *Brentner* case has, in effect, been overruled, and we think we could not now follow it without going contra to all the more recent cases on the subject. By this construction we do not deprive the statute of some substantial effect, and, as we think, all the effect it was ever intended to have with reference to the making out of a *prima facie* case.

When the plaintiff shows a defective or insufficient fence, tnat is that there was no such fence at the time as the statute requires, the burden is then thrown upon the company to show that the defect was without its knowledge in the exercise of ordinary care; that is, that, after having constructed a sufficient fence, a defective condition had arisen without its knowledge, and that this condition had not continued for such length of time that in the exercise of reasonable care it should have been discovered.   See *Wirstlin v. Chicago, M. & St. P. R. Co.,* 124 Iowa, 170.   This is the view of the statute taken in the *Daily* case, *supra,* in which it is said that the animal having gone from the open way over a defective fence, and upon the track of the company, where it was injured, a *prima facie* case of negli· gence on the part of the company must be said to have been made out, and the burden was then shifted to the defendant to show its freedom from negligence.   A similar statement of the rule is found in *Mikesell v. Wabash R. Co.,* 134 Iowa, 736, where this language was used:  "The evidence that there was no fence along the right of way for a space of three hundred feet, and that there had been none for more than a year, was undisputed.   Proof that the mare was injured by reason of the want of a fence in connection with the operation of a railroad made out a *prima facie* case for the plaintiff, and the burden was upon the defendant to show the erection of a good and sufficient fence."   This construction is in harmony with the necessary construction of Code, section 2054, which in substantially the same language was in force prior to the adoption of the present Code, and, in the absence of any reference in the section corresponding to Code, section 2055, a· failure to maintain or construct cattle guards was the sole statutory provision on that subject; for, with reference to cattle guards, the provision was and still is that the company shall make proper cattle guards where the railway enters or leaves any improved or fenced land, etc., and any

such company "neglecting or refusing to comply with the provisions of this section shall be liable for all damages sustained by reason of such refusal or neglect, and it shall only be necessary in order to recover for the injured party to prove such neglect or refusal." If with reference to cattle guards we do not give to Code, section 2055, as it now stands the construction above indicated, we shall have on that subject two inconsistent rules, the one that plaintiff can recover merely upon proof of the injury, the other that he can only recover on proof of the neglect or refusal of the company to construct a cattle guard, by reason of which neglect or refusal the injury has happened.

Counsel for appellee rely upon decisions under Code, section 2056, with regard to recovery of damages sustained from injury to property occasioned by fire set out or caused by the operation of a railway, and insist that, as proof of damages by fire set out by the company makes out a *prima facie* case of liability without evidence of negligence on the part of the company, we ought to hold that proof of injuries to stock on the right of way in the operation of the road make out a *prima facie* case of failure or neglect of the company to maintain a sufficient fence. They rely upon *Small v. Chicago, R. I. & P. R. R. Co.,* 50 Iowa, 338; *Kennedy v. Iowa State Ins. Co.,* 119 Iowa, 29, and other like cases holding that, when plaintiff shows the fire which caused the injury to his property was set out by one of the company's engines, then the presumption arises that it was caused by the negligence of the company. Proof of the setting out of the fire by the defendant company is strictly analogous to the proof we now require of failure to have a sufficient fence or cattle guard at the place where the animal comes upon the right of way in order to throw upon defendant the burden of proof. We think that the conclusion we have reached is entirely consistent with the rule announced in the fire cases.

For the error in giving the instruction above referred

to, which while it may be in harmony with the *Brentner* case is inconsistent with the more recent cases on the subject, the judgment of the trial court is *reversed.*