Robert M. Evans, Appellee, v. D. W. Corley, Appellant.

BROKERS: Employment. Evidence held to sustain a verdict to the effect that a broker had been employed, and had legally earned his commission.

*Appeal from Polk District Court.*—Hubert Utterback, Judge.

MARCH 14, 1922.

Action at law, to recover an agent's commission for finding a purchaser for real estate. There was a trial to a jury, and a verdict for the plaintiff, and judgment entered thereon. Defendant appeals.—*Affirmed*.

*Henry & Henry*, for appellant.

*Hunn & Jones*, for appellee.

Evans, J.—The plaintiff was a real estate agent in the city of Des Moines. His petition and his evidence disclose that he had certain negotiations with the defendant, looking to the sale of the defendant's residence, and that he thereafter brought to the defendant a prospective purchaser, with whom the defendant negotiated for a sale; that, while such negotiations were pending, the defendant agreed to pay the plaintiff for his services $250, if such purchaser "will take the property;" that such negotiations resulted in an agreement by the prospective customer to purchase the property at the price fixed by the defendant; that thereafter, the defendant arbitrarily refused to carry out the oral agreement, though the purchaser stood ready and willing to buy. The defendant, on his behalf, testified that his offer to sell to the proposed customer and the acceptance by such customer of his offer were subject to the condition imposed by the de-

fendant that the customer must accept his title as it was; that the customer breached such condition, in that, through his attorney, he pointed out defects in the title and demanded correction thereof, whereupon the defendant terminated the negotiations.

At the close of all the evidence, the defendant moved for a directed verdict, on the broad ground that the evidence was not such as would support a verdict for the plaintiff. This motion was overruled, and the cause was submitted to the jury, which returned a verdict for the plaintiff. The one point raised by the appellant is that the court erred in overruling such motion, and erred in overruling a motion for a new trial, which was based upon the same ground.

If the cause were before us for trial *de novo* upon the facts, we could find much in the record tending to support the appellant's contention. In passing upon the error assigned, however, we are not permitted to weigh conflicting evidence, but are required to view the evidence most favorably to a support of the judgment. The plaintiff testified as follows:

·"I know Mr. D. W. Corley, the defendant. I have known him about 8 or 9 years. I know where Mr. Corley's home is, on the corner of Twenty-ninth Street and Ridge Road. I had a talk with Mr. Corley about his property over the phone, in September, 1917. I asked him if he would sell his property and he said: 'I might; I would like to see you personally about it.' Subsequently, I saw him at his office,—I think it was the next day. I went in there and asked him if he wanted to sell his property, and he said he did. I told him I thought I could furnish him a buyer, and asked him what he wanted for his property. He said, '$20,000 net.' Then I went about it to secure a purchaser. He said, in words or in substance, that it would be all right for me to go ahead and get a purchaser. Subsequently, I went to see Mr. George W. Jones. I knew that he was looking for a home. Then I got Mr. Corley and Mr. Jones together, and Mrs. Jones, and we went out to look over the property. This was two or three days after I had seen Mr. Corley and found that he was willing to sell. I think we went out in Mr. Jones's car, the four of us. After that, I went to Mr. Corley's office, and told him that Mr. Jones had made a

counter offer, an offer of $18,000; and Mr. Corley said he could not sell it for that amount of money, that he wanted $20,000 net. Then a conversation arose as to my commission in the matter, or what I was entitled to for securing a purchaser, and he said he would give me $200 for my trouble in the matter, and I said, 'Mr. Corley, I think that is rather a small compensation on a deal of $20,000;' and he finally said, 'Well, if Jones will take the property, I will give you $250 for your trouble.' Then he asked if he might see Mr. Jones himself, and I told him that he might; that I did not care to carry the figure back and forth; and that we were dealing pleasantly; and that it was all right for him to go and see Mr. Jones. Later, Mr. Corley called me over the phone, and said, 'Jones is going to take the property, and I will send you your check for $250 as soon as I receive a check from him.' "

The prospective customer was Jones, who testified as follows:

"Mr. Evans came to see me, and called my attention to some property owned by Mr. Corley, out on Twenty-eighth and Ridge Road. Subsequently, Mrs. Jones, Mr. Evans, Mr. Corley, and I went out to see the property. Mrs. Jones and I went over it pretty well at that time. Mr. Corley was there. We then came back down town. After that, I saw Mr. Evans, and indicated to him what I would give for the Corley property. After that, Mr. Corley came into my office, and we had a conversation regarding the property. I think I made him an offer of $18,000. He refused it, and finally I came to his terms, provided certain things in the house would be included. If I recall rightly, it was coal that had been put in for the winter, and probably a refrigerator, and one or two items of that character. $20,000 was the amount to be paid by me, with those things added. I don't recall that there was anything said about the terms, because I was ready to go ahead with the deal. After that, Mr. Corley furnished an abstract to my attorney. I think he took it to my attorney. Subsequently, I heard from the attorney, and then I had a talk with Mr. Corley, in which Mr. Corley said, if the abstract was good enough for him, it should be for me; and he said the trade would be called off. I told Mr. Corley that I very much liked the house, and I would like very much

to go ahead with the deal, and I would be willing to take the abstract back, and see if my attorney would not pass his objections. Mr. Corley declined to go ahead with the proposition. I was ready and willing to buy the property upon the terms stated, and was able to pay the purchase price in full.''

Some of the foregoing testimony, especially that of the plaintiff, was contradicted in material respects by the defendant. If we could be governed by defendant's testimony, the appellant's position would have to be sustained. Needless to say, we have to ignore it. The argument of counsel for the appellant is built in part upon the testimony of their client. Such testimony is incorporated into the brief. It is necessary to their position that it should be considered as true. We think it must be said that, taking the evidence of the plaintiff as true, it discloses an employment of the plaintiff by the defendant for the purpose of finding a purchaser at $20,000 net. There was no agreement, in the first instance, for a rate of commission. This was not essential to the employment as such. Later, the rate was agreed on, and this was competent. It was also competent for the defendant subsequently to reduce his price in his direct negotiations with the customer. Under the testimony of Jones, the parties did orally agree upon a sale; abstracts were furnished to Jones's attorney for examination and some defects therein were reported by the attorney; and thereupon the defendant arbitrarily cut off negotiations, and refused to consider any proffered waiver of defects by Jones. Jones was ready and anxious to buy.

Disregarding, therefore, the testimony of the defendant himself, as we must do for the purpose of this appeal, we think the evidence was sufficient to support a finding by the jury that the plaintiff was employed by the defendant to find a purchaser, and that he did find one ready, able, and willing to buy, who did, in fact, accept defendant's offer, and did at all times stand ready to fully perform such acceptance. The judgment below must, therefore, be—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.