JENNIE E. DARST, Appellee, v. FORT DODGE, DES MOINES &
SOUTHERN RAILWAY COMPANY, Appellant.

**APPEAL AND ERROR:** Findings—Conclusiveness. Fact findings by a jury on conflicting testimony are final.

**TRIAL:** Instructions—Immaterial Nomenclature. In submitting an issue of estoppel, it is not necessary for the court to so label it.

**TRIAL:** Instructions—Reference to Pleadings. Stating a claim in the

language of the pleading does not justify the inference that the court assumed the truth of the pleading.

**APPEAL AND ERROR:** Harmless Error—Inaccurate Instruction on Conceded Fact. An inaccurate instruction which could mislead no one, and concerning a point conceded by both parties, is quite harmless.

**TRIAL:** Instructions—Correct But Inexplicit. Correct but inexplicit instructions are all-sufficient, in the absence of a request for elaboration.

**INTEREST:** Rights in General—Unliquidated Demand. Interest on damages consequent on the appropriation by a railway company of the highway in front of private property may be allowed from the date of the appropriation.

*Appeal from Webster District Court.*—H. E. FRY, Judge.

DECEMBER 15, 1922.

ACTION to recover damages for injury to plaintiff's farm by depriving plaintiff of the use of a public highway for some distance in front of the building site on said farm, by the construction by defendant of its railroad track in the highway. The jury awarded plaintiff damages in the amount of $3,000. Judgment was entered on the verdict. Defendant appeals. Facts appear in the opinion.—*Affirmed.*

*Dyer, Jordan & Dyer* and *Price & Burnquist,* for appellant.

*Frank Maher* and *Healy & Breen,* for appellee.

ARTHUR, J.—I.   Facts showing the situation, sufficient to present the claimed errors, are substantially as follows:

Plaintiff owned a farm containing 240 acres. The highway in question ran east and west along the south side of one 80 of said farm. The highway was a main-traveled road between Fort Dodge and Lehigh, Iowa, and was a part of the highway known as the "Boone Road." This highway turned southward just shortly before it reached the extreme eastern point of plaintiff's land. Plaintiff's farm buildings fronted and abutted upon this

highway, being located near the southeast corner of the 80 and immediately north of the point where the highway turned southward, near the eastern end of plaintiff's land. The highway in question was the plaintiff's sole means of getting out of and into his premises, where the buildings were located. Appellant determined to run a line of railway from Webster City to Fort Dodge, and did construct a railway in such manner that the use of the entire highway, for a distance of approximately 500 feet opposite where plaintiff's buildings were located, was entirely cut off and obstructed by cuts. The cuts made in front of the plaintiff's farm buildings, which included his farm home and a tenant dwelling, were 18 to 20 feet deep. After appellant took possession of this part of the road, appellee, when he desired to travel in an easterly or southerly direction from his farm, was required to travel west on the old highway, then across the railroad at a crossing through a small cut, and, after passing over the railway, would have to pass east on a new highway made by appellant, south of its line of railway. This new highway ran east and west on the south side of the railway right of way, approximately the same distance that the old road ran east and west, adjacent to plaintiff's premises. The old and new roads intersected at the westerly end of plaintiff's farm. The public took up the use of the new road. Appellee, after the railroad was constructed, used the old road, when he desired to travel west. The old road, after the new road was laid, was not vacated, but was not kept up by the road officials.

Appellant did not resort to condemnation proceedings, and claimed that such proceedings were avoided by an oral agreement between appellee and appellant, before appellant laid its railway, whereby appellee agreed to accept $600 in full payment of all of his damages; and that, after the railroad was constructed, appellee repudiated the agreement, and declined to accept the said sum of $600; that appellant relied on said oral agreement; and that plaintiff was estopped, by reason thereof, to claim any sum greater than $600, which appellant tendered into court.

II. Appellant strenuously urges, as a ground for reversal, that the verdict was contrary to the evidence, because the great preponderance of the evidence sustained the plaintiff's con-

tention that there was a binding oral agreement
1. TRIAL: findings: between appellant and appellee that appellee
conclusiveness. was to receive from appellant $600 in full pay-
ment of all his damages; and that the verdict should have been
for $600, and no more.

Whether the agreement claimed by appellant was made or
not was a fact issue, squarely raised by the pleadings. The tes-
timony on this issue was in direct conflict. Appellee testified:

"I did not at any time or place ever agree to take from the
defendant company, or any of its officers or agents, the sum of
$600, or any other sum in settlement of the right of the railroad
company to what has been done, as described in the evidence
here. They made a great many propositions to me, but I never
accepted any of them. The first proposition was after they com-
menced digging, and the first offer was $100. They made me a
dozen offers, and I refused to make any agreement with them
at all. They never made any offer that I would accept. I never
said I would take a certain amount if they would stop cars in
front of my place and build steps down each of the embank-
ments."

Appellant's agent, J. J. Foster, testified as to the claimed
agreement that, for the sum of $600 and the land that lay north
of what was the south line of the 80, he (appellee) would con-
vey all of the land north of the south line, and "we were to move
the road on the south side and give him a crossing about 500
feet west of where the present road crosses the railroad, and the
company was also to stop the trains there, making a stop on its
schedule, and put in steps. We made an 18- or 20-foot excava-
tion along his land, where I said I had agreed with him to take
right of way upon the payment of $600."

R. L. Cooper, chief engineer for the defendant, testified that
he tendered to appellee a check for $600 and a written agree-
ment; that appellee "said he had changed his mind, and wanted
more money, but did not deny at that time that he had made
any agreement to accept $600 in settlement of the damage
claimed; and Mr. Darst told me at the time that was the terms
of the agreement, but he had changed his mind."

Appellant argues that, while there is a sharp conflict in
the evidence, the testimony of Darst amounted to simply a gen-

eral denial of any agreement to accept $600; while appellant's witnesses recited the details of the transaction, as claimed by appellant, and their testimony was of such a character as to carry more convincing weight than the evidence offered by appellee. If we should agree with appellant that its contention has better support in the record than that of appellee, still we must say that an issue of fact on this question was presented to the jury, and in passing on the credibility of the witnesses and the weight of the evidence, the jury found for appellee; and by such finding of the jury, under proper submission, appellant was concluded. *Evans v. Corley*, 193 Iowa 402.

III. Appellant complains that the court did not submit to the jury its plea of estoppel, and that such omission was error.

As before mentioned, appellant pleaded that there was an oral agreement between appellant and appellee, made prior to the time that appellant began constructing its railway in front of appellee's premises, whereby appellee agreed to accept the sum of $600 in full of all his damages; that this sum was tendered to appellee and refused by him; that appellant began its construction work relying upon the agreement thus made; and that by reason thereof appellee was estopped to maintain this action against appellant. We think that appellant's plea of estoppel was adequately submitted to the jury,—although not under the designation of estoppel,—in Instructions 4 and 5, wherein the court told the jury that, if they found the oral agreement as contended by appellant, their verdict should be for $600, and no more. Appellant's plea of estoppel, in substance and effect, was that there was a binding oral contract between the parties, and that recovery could be only on the contract, and consequently for the sum of $600. *Miller v. Conn*, 193 Iowa 458.

2. TRIAL: instructions: immaterial nomenclature.

IV. Appellant complains that the court erred in stating to the jury that the road along the south side of appellee's premises was a "duly established highway," when there was no evidence in the record showing that this road was an established highway. Appellee had alleged that the road in question was a "duly established highway," and the court, in setting forth plaintiff's claim in that particular, used the language employed by appellee

3. TRIAL: instructions: reference to pleadings.

in his petition. Nowhere else in the instructions does the court use the phrase "duly established highway." Elsewhere in the instructions where the road was spoken of, the court used the single word "highway." Appellant's criticism that the court in its instructions stated that there was a "duly established highway," is not borne out by the record. It was not necessarily error to state the allegations of the pleadings in the language of the pleadings, and only in the pleadings are found the criticized words "duly established highway." Such complaint is hypercritical and without merit. *Sutton v. Greiner,* 177 Iowa 532.

Other assignments relate to statements contained in Instruction 1, which instruction is a statement of the pleadings as made, and not to statement of issues, and are without merit.

V. Appellant complains of Instruction No. 3 on the ground that such instruction stated that the defendant admitted that it constructed its railroad on the south along plaintiff's land substantially as alleged in plaintiff's petition, and that such statement is not justified by the pleadings or evidence. Appellant insists that at all times it contended that the only place the highway was destroyed was immediately in front of plaintiff's house. In the instruction complained of, the court told the jury that:

**4. APPEAL AND ERROR: harmless error: inaccurate instruction on conceded fact.**

"The defendant in its answer admits and alleges that it did construct its railroad to the south and along the plaintiff's land substantially as alleged by the plaintiff, and that, *in so doing,* it appropriated *or changed* the highway theretofore running along plaintiff's said land."

We think the objection is without merit. There was no dispute in the evidence as to the part of the old highway of which appellee was deprived of the use, and the part which remained available to him, and the jury was not, we think, confused or misled by the instruction.

VI. Appellant urges that the verdict is contrary to Instruction 2, in which the jury was told that it was incumbent upon the defendant, before it could avail itself of the oral agreement pleaded, to establish such agreement by a preponderance of the evidence, for the reason that the oral agreement was

"clearly and satisfactorily proven." Appellee denied the agreement claimed by appellant, and the issue of fact was thus made. The evidence was in direct conflict. As we said in *Evans v. Corley*, supra:

"We are not permitted to weigh conflicting evidence, but are required to view the evidence most favorably to a support of the judgment."

VII.   Instruction 6 given by the court reads:

"The only element of damage you are to take into account and consider in estimating the amount of his recovery is the obstruction and interference to the extent, if there was such, of the ingress and egress and the inconvenience in getting to and from plaintiff's said premises as a result of the construction of defendant's railroad by plaintiff's said land. Upon the payment of damages so found, you will also allow interest from the time said railroad was constructed to the present time, at the rate of 6 per cent."

5. TRIAL: instructions: correct but inexplicit.

Attack is made on the above quoted instruction because, as claimed by appellant, the instruction permitted the jury to consider that there may be inconvenience suffered by visitors or other persons in coming to or going from plaintiff's premises. As we understand counsel for appellant, they think the instruction was not sufficiently explicit in that it omitted to confine "inconvenience of getting to and from plaintiff's said premises" to plaintiff and members of his family. No instruction was requested by defendant on this matter. We think the complaint is without merit.

This instruction is also assailed because by it the court permitted the jury to allow interest at the rate of 6 per cent on the amount of damages found, from the time the railroad was constructed. Counsel for appellant argue that the allowance of interest was erroneous, and cite, in support of their contention, *Brentner v. Chicago, M. & St. P. R. Co.*, 68 Iowa 530, and *Jacobson v. United States Gypsum Co.*, 150 Iowa 330. The holdings in these cases would not prevent recovery of interest in the instant case. The *Brentner* case was an action brought under the statute permitting recovery of double damages for killing stock by a railroad

6. INTEREST: rights in general: unliquidated demand.

company, and the court held that, as the action was strictly statutory, and the statute did not provide for interest, it was error to permit the jury to include interest. The *Jacobson* case was a personal injury action; and the law is well settled that interest cannot be allowed from the time of the injury. The instant action was an action in trespass. The court did not err in instructing the jury with reference to interest in the instant case. *Black v. Minneapolis & St. L. R. Co.*, 122 Iowa 32. In the *Black* case, we said:

"It is true that the damage was unliquidated, and plaintiff is not entitled, as a matter of law, to interest. But it is well settled that, in estimating even unliquidated damages, the jury may take into account interest on the sum found necessary to compensate the plaintiff for the injury suffered at the time of the loss, on the theory that such interest is a part of his damage. *Richmond v. Dubuque & S. C. R. Co.*, 33 Iowa 422, 502; *Frazer v. Bigelow Carpet Co.*, 141 Mass. 126 (4 N. E. 620); *Richards v. Citizens Nat. Gas Co.*, 130 Pa. 37 (18 Atl. 600); *Lincoln v. Claflin*, 7 Wall. 132, 139 (19 L. Ed. 106). As the verdict of the jury was with reference to the money loss sustained by the plaintiff at the time of the fire, they were properly told that they might, as an element of damage, include interest on the amount of such loss."

We discover no error in the submission of the case. The judgment of the trial court is affirmed.—*Affirmed*.

STEVENS, C. J., EVANS and DE GRAFF, JJ., concur.

FAVILLE, J., takes no part, having been of counsel.